646 So.2d 518 (1994)
David LENTZ
v.
DEPARTMENT OF POLICE.
No. 94-CA-0814.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1994.
Writ Denied March 10, 1995.
Frank G. DeSalvo, Edward K. Newman, New Orleans, for plaintiff-appellant David Lentz.
Robert (Bob) Early, Asst. City Atty., Jesse J. Marks, Deputy City Atty., Bruce E. Naccari, Chief Deputy City Atty., Avis Marie Russell, City Atty., New Orleans, for defendant-appellee Dept. of Police.
Before KLEES, ARMSTRONG and LANDRIEU, JJ.
KLEES, Judge.
Police officer David Lentz appeals the decision of the Civil Service Commission [the "Commission"] demoting him one full rank and denying him back pay. This is the second time officer Lentz is before this court. On November 8, 1990, Sergeant Lentz, after first being suspended, was terminated for his unauthorized use of the New Orleans Police Department ["NOPD"] computer to run computer checks on potential employees of Maison Blanche department stores, for which Lentz worked paid security details. Evidence presented at the Commission hearing showed Lentz was paid $5.00 for each computer check he ran, and that he deprived NOPD of approximately $8,500.00 in revenue it would have received if Maison Blanche had obtained the data through regular police channels. His termination was upheld by the Commission.
Lentz appealed his termination to this court, and we affirmed the Commission's decision. After this court denied rehearing, Lentz applied to the Louisiana Supreme Court for a writ of certiorari. The Supreme Court granted the writ in part, holding that the punishment imposed upon Lentz was excessive. On October 1, 1993 the Supreme Court remanded the matter to the Commission for reconsideration of the penalty, 625 So.2d 158. Sergeant Lentz was returned to the NOPD payroll on November 1, 1993.
On February 17, 1994, the Commission rendered a decision demoting Lentz one full rank to Police Officer IV as of the date of its *519 decision, and also denying Lentz back pay for the period of his initial suspension (August 3, 1990-November 8, 1990) and termination (November 8, 1990-November 1, 1993). Lentz now appeals that decision to this court, arguing that the penalty imposed by the Commission is too severe and that it was imposed in an arbitrary and capricious manner. Appellant contends that an appropriate punishment for his infraction would be a one hundred twenty (120) day suspension without pay (the maximum suspension).
To uphold a disciplinary action, the Commission must determine that the appointing authority had good or lawful cause for taking the disciplinary action and that the punishment imposed is commensurate with the dereliction. Walters v. Department of Police, 454 So.2d 106, 113 (La.1984). We cannot reverse the Commission's decision unless it is arbitrary, capricious, or an abuse of discretion. Id.
In the instant case, the Commission gave the following reasons for its decision:
Upon consideration of the directive issued by the Supreme Court, the Commission orders that Mr. Lentz be reinstated. However, in light of the seriousness of these charges and the responsibility entrusted to ranking police officers, the Commission finds that Appellant's credibility as a supervisor of his former level, is fatally compromised. Appellant is therefore reinstated to duty at the rank of Police Officer IV, without back pay.
We find that the reasons given by the Commission justify Lentz's demotion in rank and the denial of back pay to him. Because Lentz's credibility as a supervisor has been compromised, his demotion is appropriate, and is punishment commensurate with Lentz's infraction. The Commission also noted the seriousness of the charges. These reasons given by the Commission also justify the denial of back pay to appellant. We do not agree with appellant's contention that the Commission must give separate reasons to justify each element of the punishment imposed. In this case, the seriousness of the infraction is sufficient to warrant both the demotion and the loss of back pay. We therefore find that the Commission's decision was not arbitrary or capricious. Accordingly, the decision is affirmed.
AFFIRMED.