I MURRAY, Judge.
The Sewerage and Water Board of New Orleans (S & WB) appeals the Civil Service Commission’s (CSC) reduction of the penalty imposed on employee Gregory Southall for his failure to report a vehicular accident. We affirm.
On September 26,1996, Mr. Southall was a passenger in the cab of a crew truck being driven by another S & WB employee, Kenny *728 Handy.[1] As the truck rounded a corner, either a noise or a bump alerted Mr. Handy, the driver, to a possible collision with another vehicle. While he got out to examine the situation and discuss things with the other person involved, Mr. Southall remained in the truck. After a brief conversation, Mr. Handy got back into the truck and the two drove on to their job site. Shortly thereafter, supervisor Russell Lane arrived at the job site and told the two employees that an anonymous caller had reported that their truck had been involved in an accident.
laAfter notice to the two employees that they were facing disciplinary action, an informal hearing was held on October 2, 1996. Mr. Southall stated that when Mr. Handy got back into the truck he said they had hit another vehicle but there was no damage. On October 3rd, Mr. Southall submitted a written statement to his supervisor saying that he had been in error on the day before; in fact, when Mr. Handy climbed back into the truck he had said they had not hit anything. Both Mr. Southall and Mr. Handy were notified within a week that they would be suspended without pay for thirty days for failure to report an accident and failure to submit to a drug test sifter an accident.
Mr. Southall appealed the disciplinary action to the CSC. At the CSC hearing, Mr. Southall admitted that he had previously offered conflicting accounts of the incident, but explained that this was because only Mr. Handy knew whether the truck had hit the other vehicle or not. The S & WB attorney conceded at the hearing that the accident had not resulted in any property damage, personal injury or legal claim of any nature. Counsel also stated that the agency was no longer asserting a violation of the substance abuse policy, deciding instead to impose discipline only for violation of the Vehicular Accident Procedure set forth in Policy Memorandum No. 34:
If you fail to report an accident, and no valid reason can be determined for your failure to report the accident, then your supervision [sic] will recommend that you receive thirty (30) days leave without pay (LWOP) at minimum, with more serious disciplinary action possible, in accordance with Policy Memorandum # 11 (emphasis added).
After consideration of the testimony and evidence, the CSC affirmed S & WB’s determination that Mr. Southall’s conduct warranted disciplinary action. The panel found, however, that a thirty-day suspension was unduly harsh in view of the fact that the driver of the vehicle, Mr. Handy, had received the same |3punishment. Because Mr. Southall was only a passenger in the truck and had previously been disciplined but once in the past, the CSC reduced the suspension to ten days without pay.
In this appeal from the CSC’s order, S & WB argues that the requirement that all accidents be reported, no matter how minor, is essential to the agency’s ability to investigate and defend potential legal claims arising from such incidents. This policy consideration justifies an across-the-board mandatory minimum penalty of thirty days’ suspension without pay, and requires that no distinction be made between a driver’s duty to report and that of any other employee. S & WB therefore contends that the CSC abused its discretion by reducing Mr. Southall’s suspension to only ten days.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action except for cause expressed in writing. La. Const, art. X, § 8(A). An employee may appeal disciplinary action taken against him to the CSC. Id.; La.Rev.Stat. Ann. 33:2424. On appeal, the CSC has a duty to decide if the appointing authority has good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the offense. Walters v. Department of Police, 454 So.2d 106 (La.1984); Lentz v. Department of Police, 94-0814, p. 1 (La.App. 4th Cir. 11/30/94), 646 So.2d 518, 519, writ denied, 94-3135 (La.3/10/95), 650 So.2d 1177. The appointing authority has the burden of proving by a preponderance of the evidence not only that the complained-of conduct occurred, but that it impaired the efficient operation of the governmental enti *729 ty. Barquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4th Cir.1993). In reviewing the decision in a civil service case, an appellate court “should not modify the [CSC’s] orderjjunless it is arbitrary, capricious, or characterized by abuse of discretion. ‘Arbitrary or capricious’ means the absence of a rational basis for the action taken.” Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647 (citations omitted).
We find that the Commission’s action in this case was a proper exercise of its discretion under these circumstances. It is undeniable that a failure to report an accident could impair the efficient operation of any governmental agency in the manner described by S & WB. However, it was clearly established in this case that no claim, loss or injury resulted from an apparently insignificant contact between two vehicles. In addition, the section of the Policy Memorandum relied upon does not require a mandatory thirty-day suspension. Rather it provides that a thirty-day suspension will be recommended, absent a valid reason for not reporting the accident. It, therefore, is rational to conclude that a passenger’s violation can and should be measured against that of the driver of the vehicle involved, particularly in a case such as this, where only the driver knew if he actually had hit the other vehicle.
The CSC’s decision is not simply a substitution of its judgment for that of the agency. Given the facts of this case as well as the CSC’s duty to ensure disciplinary consistency within the civil service system, there is ample support for its reduction of Mr. Southall’s suspension. The order appealed from is neither arbitrary nor capricious and must be affirmed.
AFFIRMED.
LOBRANO, J., concurs.
CIACCIO, J., dissents.

. Mr. Handy is also referred to as “Freddie” in the transcript of the CSC hearing.