I,ARMSTRONG, Judge.
This is an appeal by the Department of Fire of the City of New Orleans (“the Fire Department”) from a decision of the Civil Service Commission of the City of New Orleans (“the CSC”). The Fire Department dismissed plaintiff-appellee Craig Burckel, a fireman, due to a disciplinary infraction. Mr. Burckel appealed to the CSC. After some proceedings, including a prior appeal to this court and a remand to the CSC, the CSC reduced the dismissal of Mr. Burckel to a 120 day suspension. The Fire Department appeals that decision of the CSC and argues that we should reverse the CSC and reinstate the dismissal of Mr. Burckel. We affirm the decision of the CSC.
The facts of this case are set out in our opinion in the prior appeal, Burckel v. Department of Fire, 97-0635 (La.App. 4 Cir. 9/17/97), 700 So.2d 553 and we will not repeat them here. On remand from our decision in the prior appeal, the CSC *851 looked at several factors with respect to the propriety of the punishment of dismissal. The CSC considered that, although he was in uniform and performing a fire watch, Mr. Burckel was off duty. That was significant to the CSC because, [ 2while the Fire Department’s Standard Operating Procedure Number 2/06-P-01-91 states that drinking on duty is “cause for termination”, drinking off duty but in uniform is “cause for disciplinary action to be taken”. The CSC also was impressed by the fact that Mr. Burckel’s fifteen year career had been “spotless” up until the incident in question. Also, the CSC noted that Mr. Burckel’s immediate supervisor and district chief testified that Mr. Burckel was an outstanding employee and that the Fire Department had given Mr. Burckel an “Outstanding” rating. The CSC concluded that, while there was a serious disciplinary infraction, the penalty should be reduced to a 120 day suspension.
“A reviewing court should not reverse a commission conclusion as to the presence or absence of cause for dismissal unless the decision is arbitrary, capricious or an abuse of discretion.” Walters v. Department of Police for New Orleans, 454 So.2d 106, 113 (La.1984). Accord Matthews v. Department of Police, 98-0467 (La.App. 4 Cir. 11/18/98), 723 So.2d 1044 (affirming CSC judgment reducing termination to sixty day suspension); Southall v. Sewerage and Water Bd., 97-2214 (La.App. 4 Cir. 3/18/98), 714 So.2d 727 (affirming CSC judgment reducing thirty day suspension to ten days). See also Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, 647 (CSC’s decision as to penalty should not be reversed by court of appeal unless it is arbitrary, capricious or characterized by abuse of discretion; “arbitrary and capricious” means no rational basis, citing Walters).
laThe CSC had rational reasons for reducing Mr. Burckel’s penalty from dismissal to a one-hundred and twenty day suspension. No doubt a serious penalty was warranted for a serious infraction, but a one-hundred and twenty day suspension is a serious penalty. We cannot say that the CSC’s decision in this case was arbitrary, capricious or characterized by an abuse of discretion.
For the foregoing reasons, the judgment below is affirmed.

AFFIRMED.