JjSTEVEN R. PLOTKIN, Judge.
Farrel Blappert appeals a decision of the New Orleans City Civil Service Commission (“CSC”), upholding his termination from the New Orleans Police Department. We find the termination of Mr. Blappert to be commensurate with the dereliction, thus we affirm the decision of the CSC.
FACTS
Farrel Blappert was a permanently classified employee of the New Orleans Police Department employed as a Police Officer IV. Mr. Blappert was hired by the appointing authority on January 29, 1984 and achieved his class IV status on January 24, 1993. The appointing authority terminated Mr. Blappert on January 23, 1998, for disorderly conduct and resisting arrest while in Waveland, Mississippi. The appointing authority also determined that Mr. Blappert worked outside his employment without authorization.
The hearing officer heard the testimony of the appellant, Officer Roessling, and Mr. Dennis Rutherford who was receiving the citation at the time of the arrest. On July 14, 1997, while out on sick leave with *680 out pay, Blappert traveled to Waveland, Mississippi. On his way the appellant spotted a Mend’s vehicle on the |¡>side of the road. The car was receiving a citation Mm Police Officer Bill Roessling of the Waveland police department. The appellant then proceeded to pull over in front of his friend’s vehicle, exit his truck, and walk towards his friend’s vehicle. As he did this, Officer Roessling told Blappert that he needed to return to his own vehicle. Officer Roessling testified that several times he specifically instructed the appellant to return to his vehicle. Roessling testified that Blappert started heading toward his truck, but then turned around and started yelling at him and waving his arms. When the appellant failed to return to his truck the Officer attempted to take him into custody. They both fell to the ground and Officer Roessling arrested Blappert. Blappert admits that he never reported this arrest to the Appointing Authority as required by internal regulations.
The appellant testified at the CSC hearing that Officer Roessling ordered him to return to his vehicle or the officer would arrest him. The appellant states that he was in the process of returning to his vehicle and complying with Officer Roess-ling’s order when the officer decided to arrest him anyway. Mr. Rutherford, the only witness to this exchange, testified that he could not hear most of the conversation between Roessling and Blappert. Rutherford had done work for Blappert in the past. Rutherford admitted that Blap-pert was sassy to the Officer as he walked away.
The testimony of all three men indicates that, in the process of the arrest, there was an altercation between the appellant and Officer Roessling which resulted in both parties falling to the ground and struggling before the arrest could be perfected. The Waveland Police Department dropped all charges shortly after the arrest.
| ¡¡The Assistant Superintendent of Police, Duane Johnson, recommended termination because he concluded that the Appellant interfered in a traffic stop and engaged in a physical altercation with a law enforcement officer in another jurisdiction. Mr. Johnson sustained another violation for working for a business outside of the New Orleans Police Department without authorization.
The appellant filed a timely appeal of his termination with the Civil Service Commission (CSC). A CSC hearing was held on April 15, 1998. The CSC held that the Appointing Authority failed to establish that the Appellant violated the internal rule concerning outside employment. The CSC denied the appeal of the charge of Adherence to Law, Professionalism, and failure to report an arrest. It found the penalty to be commensurate with the violation and therefore the Appointing Authority terminated the appellant for cause.
DISCUSSION
This Court summarized the law applicable to the instant case in the case of Southall v. Sewerage & Water Board, 97-2214 at p. 3, (La. App 4 Cir. 3/18/98), 714 So.2d 727, 728, as follows:
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action except for cause expressed in writing. La. Const, art. X, § 8(A). An employee may appeal disciplinary action taken against him to the CSC. Id.; La. Rev.Stat. Ann. § 33:2424. On appeal, the CSC has a duty to decide if the appointing authority has good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the offense. Walters v. Department of Police, 454 So.2d 106 (La.1984); Lentz v. Depart *681 ment of Police, 94-0814, p. 1 (La.App 4 Cir. 11/30/94), 646 So.2d 518, 519, writ denied, 94-3135 (La.3/10/95), 650 So.2d 1177. The appointing authority has the burden of proving by a preponderance of the evidence not only that the complained of conduct occurred, but that it impaired the efficient operation of the government entity. Barquet v. Department of Welfare, 620 So.2d 501 (La.App. 4 Cir.1993). In reviewing the decision in a civil service case, an appellate court “should not modify the [CSC’s] order unless it is arbitrary, capricious, or characterized by abuse of discretion. ‘Arbitrary or capricious’ means the absence of rational basis for the action taken.” Bannister v. Department of Streets, 95-0404, p. 8(La.1/16/96), 666 So.2d 641, 647 (citations omitted).
This Court must determine whether there was good and lawful cause for taking the disciplinary action, and whether the punishment is commensurate with the offense. Mr. Blappert claims that the CSC’s decision affirming the appointing authority’s decision to terminate him was arbitrary and capricious and therefore not commensurate with his offense. He argues that the appointing authority failed to prove that the appellant was guilty of the violations on which the disciplinary action was based.
The hearing examiner, who actually heard the testimony of all witnesses, determined that the city failed to carry its burden of proof by a preponderance of the evidence. The matter was subsequently presented to the full Commission on the record only, as is the procedure. The Commission chose to credit the testimony of the arresting officer over the testimony of Mr. Blappert and Mr. Rutherford. It stated that the appellant interfered with a police action in another jurisdiction and provoked an altercation that resulted in his arrest. The CSC further noted that the appellant failed to report his arrest to the appointing authority. Based on this the Commission found that the conduct of the appellant impaired the efficient operation of the governmental entity and that the penalty was commensurate with the violation.
We find no merit in Mr. Blappert’s argument that the penalty was not commensurate with the offense. The appointing authority has presented sufficient ^evidence to show that it had good cause for taking disciplinary action. The facts of this case support the termination of Mr. Blappert.
For the foregoing reasons, we affirm the CSC’s decision to terminate Mr. Blappert.
AFFIRMED.