791 So.2d 788 (2001)
Shahed MUHAMMAD
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2000-CA-1034.
Court of Appeal of Louisiana, Fourth Circuit.
July 11, 2001.
*789 Dennis W. Moore, Chaney & Recasner, L.L.C., New Orleans, for Plaintiff/Appellant.
Mavis S. Early, City Attorney of Orleans Parish, Franz L. Zibilich, Chief Deputy City Attorney of Orleans Parish, Patrick R. Bossetta, Deputy City Attorney of Orleans Parish, New Orleans, for Defendant/Appellee.
Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, Jr.
McKAY, Judge.
Officer Shahed Muhammad appeals the decision of the Civil Service Commission of the City of New Orleans sustaining his dismissal from the New Orleans Police Force by the Superintendent of the New Orleans Police Department (NOPD).
Shahed Muhammad was employed with the NOPD as a Police Officer "I" in 1977. Initially, in 1967, he worked as a laborer, truck driver, and police officer for the City of New Orleans. He was later promoted to a position as a classified police officer with permanent status. He began having medical problems and was assigned as a bailiff of Orleans Parish Juvenile Court. Upon the advice of his physicians, he took sick leave from his job at juvenile court and was assigned to the Administrative Duties Division of the NOPD because his medical problems prevented him from performing his duties as a police officer. During Officer Muhammad's sick leave, the NOPD initiated a Rule IX action pursuant to the Civil Service Rules to have him dismissed from the police department.[1] The NOPD based the Rule IX action on the plaintiff's inability to perform his duties as a police officer due to his medical condition. On November 20, 1997, Officer Muhammad appeared at a hearing before NOPD Chief Richard Pennington. At that hearing, he admitted that he was being treated for stress and heart problems and that his physician recommended that he not return to work. His physician, Wiley H. Jenkins, M.D., submitted a letter to the Administrative Duties Division of the NOPD, dated February 3, 1997, stating that Officer Muhammad was a long term diabetic and had undergone coronary artery bypass surgery for severe angina pectoris. Dr. Jenkins recommended that Officer Muhammad be granted full and permanent disability from his position with the NOPD. After the hearing, the NOPD determined that Officer Muhammad was permanently disabled and filed a dismissal under Rule IX of the Civil Service Code to have him dismissed. They informed him that his position with the NOPD would be terminated December 31, 1997, but he may qualify for reasonable accommodations under the Americans with Disabilities Act. He contacted Ms. Elenore Straub in the Civil Service Department who informed him that the only job available was as a truck driver. However, he could not accept this job because of his medications. Consequently, Officer Muhammad officially retired from the NOPD on December 31, 1997, effective January 1, 1998. He *790 filed his appeal with the Civil Service Commission under case number 5576.
The Civil Service Commission appeal hearing began on May 4, 1998, and concluded on December 2, 1998. The Civil Service Commission concluded that the Appointing Authority acted in accordance with the Civil Service Rules. The Commission further found that the plaintiff faced dismissal for inability to perform his duties based on his medical condition, which was supported by plaintiffs admission that he was unable to perform his job as a New Orleans police officer and his physician's recommendation. The Commission also found that Officer Muhammad failed to prove any discrimination on the part of the NOPD and dismissed his appeal.
The appellant contends that the Civil Service Commission erred in sustaining the NOPD's dismissal pursuant to Rule IX, in finding that he was not discriminated against by the NOPD, and in finding that the NOPD met the criteria of reasonable accommodation pursuant to the Americans' with Disabilities Act (ADA). We disagree.
The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities. See 42 U.S.C. § 12112(a). Specifically, it provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).
A "qualified individual with a disability" is identified as "an individual with a disability who, with or without reasonable accommodations, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "disability" is defined as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).
Moreover, the Civil Service Commission standards are prescribed by Rule IX, Section 1., paragraph 1.1, of the Rules of the Civil Service Commission for the City of New Orleans. This Rule prescribes in pertinent part:

RULE IX

DISCIPLINARY ACTIONS
Section 1. MAINTAINING STANDARDS OF SERVICE
1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/ her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following:
(a) termination from the service.
The Civil Service Commission's decision is subject to appellate review on any question of law or fact. La. Const. art. X, § 12(B). The Commission has a duty to decide independently from the facts presented whether the Appointing Authority has good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction.
The standard of review for the appellate court is multifaceted. When *791 reviewing the Commission's findings of fact, the appellate court must apply the clearly wrong or manifestly erroneous standard. However, when judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify the Commission's order unless it is arbitrary, capricious or characterized by abuse of discretion. Wilson v. New Orleans Aviation Board, 96-1350, p. 2 (La.App. 4 Cir. 1/15/97), 687 So.2d 593, 595. Therefore, the appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission is arbitrary or capricious. Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658. As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission. Newman v. Department of Fire, 425 So.2d 753 (La.1983). It is only when this court finds that the Commission's actions were arbitrary or capricious that it can disturb the Commission's judgment.
The appellant argues that the Civil Service Commission erred in dismissing his appeal from the NOPD's decision to dismiss him by merely substituting its judgment for that of the appointing authority. He also argues that although he made admissions at the pretrial termination hearing that he could not work full time, nor fulfill the essential functions of a police officer, his inability to perform his duties as a police officer was a temporary problem. He further contends that the NOPD could not or did not establish that the nationwide standards for active commissioned police officers are uniformly required of all officers in the police department. Moreover, the appellant claims that the police department never fully established that he could never return to work as a police officer even if provided with reasonable accommodations. Thus, the appellant argues that the Civil Service Commission's determination that the NOPD met its burden by proving that Officer Muhammad was permanently disabled and could never return to his position on the police force was clearly wrong and manifestly erroneous.
Appellant also argues that the actions of the NOPD and the Commission were arbitrary and capricious because he was not allowed to use accrued sick time before leaving the police department. He testified that over the course of his tenure at the police department he had seen other officers given the opportunity to use all of their sick leave before having to resign from the department.
Conversely, the NOPD contends that the appellant could not perform essential functions of his position as a police officer and that this was established by his own admissions. At his pre-termination hearing, Officer Muhammad told Chief Johnson that he could not return back to work as a full time police officer. He also could not make a forceful arrest, drive a vehicle under emergency circumstances, nor could he carry a firearm due to his medical condition and the medications he is required to take. He also testified that he had no problem answering phones, reading, or recording information. Nevertheless, the NOPD contends that these are not essential functions of a police officer and that a person must be able to meet the national standards of making a forceful arrest, able to work the street, able to drive a vehicle under emergency circumstances, able to discharge a weapon if necessary, and able to be transferred among all positions of the NOPD.
*792 Legal cause exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La. App. 4 Cir.1990). The Appointing Authority has the burden of proving by a preponderance of the evidence the occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service. The Appointing Authority must also prove the actions complained of bear a real and substantial relationship to the efficient operation of the public service. Neff v. City Planning Com'n, 95-2324 (La.App. 4 Cir. 9/11/96), 681 So.2d 6. While these facts must be clearly established, they need not be established beyond a reasonable doubt. Cittadino, supra.
The City of New Orleans also argues that they did make reasonable efforts to accommodate Officer Muhammad. The City, through its ADA compliance office, informed Officer Muhammed that the only job available was as a truck driver. Because of his prescribed medications, Officer Muhammad did not qualify for such a position. The actions of the City qualify as reasonable accommodations as required by the ADA. Furthermore, the officer voluntarily resigned from the police force. They further argue that it was critical for the office to show that he was a "qualified individual" with a disability within the meaning of section 101(a) of the ADA. They conclude by arguing that the appellant by his own admissions could not perform the essential functions of a police office.
In response to the appellant's argument that he should be allowed to use his sick leave before his resignation was effective, the NOPD argues that such a practice is illegal and has never been condoned by the department. They claim that City policy clearly establishes that sick leave is a privilege granted exclusively for illness and that Civil Service rules and regulations restrict its uses. If an employee will never return to work, termination is called for under the inability to perform clause of the Civil Service Commission Rule IX.
In the case sub judice the Commission heard all of the testimony, including the appellant's testimony in which he admitted that he was not able to return to his duties as a police officer. The record supports the Commission's decision and the Commission's decision was not arbitrary and capricious, nor manifestly erroneous or clearly wrong.
Accordingly, we affirm the judgment of the Civil Service Commission.
AFFIRMED.
TOBIAS, J., concurs.
TOBIAS, J., Concurring.
I respectfully concur in order to assign additional reasons to uphold the decision of the Civil Service Commission.
Officer Muhammad's health conditions required the appointing authority to take action to have his position declared vacant so that a functional officer could be hired as a replacement. Officer Muhammad had no other course of action than to retire. Although he wanted to be retained in order to complete the full three year maximum under the Deferred Retirement Option Program, such would have required the appointing authority to carry the officer on either annual leave or sick leave for approximately one year. Under the facts of this case and the record before this court, such action would have been unwarranted and inappropriate-possibly even illegal.
NOTES
[1] Civil Rule IX is a Civil Service Commission disciplinary rule.