804 So.2d 838 (2001)
Calvin WILSON
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2000-CA-2484.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 2001.
*839 Gary M. Pendergast, New Orleans, LA, Counsel for Plaintiff/Appellant.
Mavis S. Early, City Attorney, Patrick R. Bossetta, Deputy City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, *840 New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judges STEVEN R. PLOTKIN, DENNIS R. BAGNERIS, Sr., and MICHAEL E. KIRBY.
KIRBY, Judge.
Officer Calvin Wilson ("Officer Wilson") appeals the decision of the Civil Service Commission ("the Commission") denying his appeal of his forced disability retirement from the New Orleans Police Department ("the NOPD").

FACTS
Officer Wilson became a Police Officer in 1975. In 1996, he injured his back while on duty and in late 1996, his treating physician released him to return to work in a limited duty capacity. From that time until November 20, 1997, Officer Wilson was assigned to the Recruitment Division where he investigated and processed job applicants. A pre-termination hearing was held on that date by the NOPD, following its receipt of a Form 50 from Officer Wilson's treating physician advising that his back condition was permanent and that he would not be able to return to full duty. At the pre-termination hearing, Officer Wilson admitted that he was unable to return to full duty. As a result, the NOPD gave him the option of being terminated or taking a forced retirement. Officer Wilson chose to retire, effective December 6, 1997.
As a result of his forced retirement, Officer Wilson filed a timely appeal with the Civil Service Commission. The matter was assigned to a hearing examiner who conducted a hearing on March 25, 1998. Thereafter, the Commission denied Officer Wilson's appeal. In rendering its decision, the Commission made the following findings:
"The Appointing Authority has established that it followed it [sic] procedures concerning injured employees on temporary limited duty when it gave the Appellant the option of retirement or termination after it learned that the Appellant's condition was permanent. The Appointing Authority has a legitimate need to staff its department with able-bodied personnel in the event of an emergency. It also is justified in avoiding the establishment of a permanent limited duty position where the demands of the department run contrary. The limited duty positions were created to allow temporarily injured employees the ability to work while recovering from their injuries."
Officer Wilson seeks review of that decision, arguing that the Commission erred in failing to reinstate him to his former position with the NOPD's Recruitment Division.

STANDARD OF REVIEW
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. The employee may appeal from such disciplinary action to the City Civil Service Commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority. La. Const. art. X, § 8 (1974); Walters v. Department of Police of New Orleans, 454 So.2d 106, 112-113 (La.1984). The Commission's decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. La. Const. art. X § 12(B).
The Commission has a duty to independently decide, from the facts presented, whether the appointing authority had good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with *841 the dereliction. Walters, 454 So.2d at 113. Legal cause for disciplinary action exists whenever an employee's conduct impairs the efficiency of the public service in which that employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La. App. 4 Cir.1990). The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and that such activity bore a real and substantial relationship to the efficient operation of the public service. Id., at 1315.
In reviewing the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission's order unless it is arbitrary, capricious or characterized by an abuse of discretion. Walters, 454 So.2d at 114. "Arbitrary or capricious" means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
The Commission has the authority to "hear and decide" disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12; Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against firing (or other discipline) without cause. Id. at p. 1222. (emphasis in original).
The superintendent of police is charged with the operation of his department and it is within his discretion to discipline an officer for sufficient cause. The Civil Service Commission is not charged with such operation or such disciplining. Id. at p. 1223.

DISCUSSION
Officer Wilson contends that the NOPD failed to meet its burden of proving justification for its unwritten policy of terminating (or forcing the retirement of) employees who require more than temporary limited duty assignments. Secondly, Officer Wilson questions whether any legal basis existed for his forced termination when he was performing the essential functions of his assignment in the Recruitment Division. Next, Officer Wilson claims that Louisiana and federal law require that a reasonable accommodation be made to an injured and/or handicapped police officer by the NOPD. Finally, Officer Wilson contends that his forced termination was contrary to both state and federal law because he was fully and completely performing the duties of his assignment to the Recruitment Division.
Officer Wilson claims that pursuant to the provisions of the Louisiana Employment Discrimination Law, La. R.S. 23:321, et seq., the Civil Rights Act for Handicapped Persons, La. R.S. 46:2251, et seq.,[1] and the Americans with Disabilities Act of 1990 (the "ADA"), 42 USCA § 12101, et seq., individuals with handicaps and/or disabilities are protected from employment discrimination on account of their disability.
Officer Wilson admits that the NOPD did initially provide him with a reasonable accommodation by assigning him the limited duty position in the Recruitment Division. He claims, however, that the NOPD arbitrarily and capriciously forced him to *842 resign, rather than continuing that accommodation, once his doctor declared his back condition permanent and certified that Officer Wilson would never be able to return to full duty as a police officer.
Officer Wilson cites no relevant jurisprudence in support of any of his claims. In addition, he acknowledges that his chief motivation in seeking reinstatement to his previous position is his desire to complete the Deferred Retirement Option Program (the "DROP Program"). Under that program, employees who are eligible to retire may choose to have pension benefits credited to a tax deferred account while they continue to work and collect their regular salary. At the time of his forced retirement, Officer Wilson had completed five and a half months of the thirty-six months that he intended to participate in the DROP Program. He estimates that he will suffer financial losses exceeding $50,000.00 as a result of his inability to complete the DROP Program.
In opposition, the NOPD submits that Officer Wilson's treating physician certified that he is permanently disabled and can never return to full duty as a police officer and that Officer Wilson admitted as much at both his pre-termination hearing and the commission hearing. As a result, the NOPD argues that it was within its rights to bring a pre-termination hearing against Officer Wilson under Civil Service Rule 9 ("Rule 9"), which requires police officers to maintain the standards of service.
In addition, the NOPD states that contrary to Officer Wilson's assertion, it did offer ample evidence concerning both its policy of terminating employees who require more than temporary limited duty, and its justification for having such a policy.
Sergeant James Crespo ("Sgt. Crespo") testified on behalf of the NOPD at the Commission hearing. He is assigned to the Administrative Duties Division ("the ADD"), the office that manages police officers who are out sick or who are assigned to limited duty positions. Sgt. Crespo testified that officers are allowed to work in limited duty assignments until they are able to come back to full duty and be transferred back to their original assignments. Once an officer's treating physician certifies that he or she will never be able to return to full duty, however, a pre-termination hearing is held pursuant to Rule 9 and the officer is given his options of retiring, dismissal, or seeking other accommodations in City employment.
Deputy Superintendent Duane Johnson ("Chief Johnson") also testified before the Commission on behalf of the NOPD. He is in charge of the Technical And Support Bureau ("the TSB") and the ADD falls under his command. Chief Johnson stated that the NOPD has no permanent limited duty positions. He stated that all officers must be capable of performing 100% of the requirements of a police officer. He further testified that all of the officers assigned to desk jobs, such as the position that Officer Wilson held with the Recruitment Division, had to be available to report for full duty in an emergency situation or to report to a special event such as Mardi Gras. He testified that the NOPD created the Form 50, which was to be filled out by an injured officer's treating physician, to ascertain the length of time that an officer needed to convalesce or to discover whether an officer had reached maximum medical improvement and could never return to full duty. Chief Johnson stated that at his pre-termination hearing, Officer Wilson agreed with his doctor's assessment that he could never return to full duty, but he requested that the NOPD continue to employ him in his limited duty capacity until he finished the DROP Program. *843 Chief Johnson further stated the Superintendent determined that there was no permanent limited duty assignment available where Officer Wilson could remain for that purpose. As such, he stated that Officer Wilson was given the options of seeking reasonable accommodations within City government through the Civil Service's ADA Coordinator, retiring, or being terminated.[2] Chief Johnson confirmed that under Rule 9, Officer Wilson would have been terminated had he not retired or sought any reasonable accommodation, due to his inability to meet the standards required of police officers.
The NOPD also argues that the ADA does not bar discrimination against all people with disabilities. Rather, the ADA only protects "qualified individuals with a disability" from discrimination. 42 U.S.C. § 12112(a). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodations, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111 (8). The NOPD points out that Officer Wilson failed to show that he is a qualified individual with a disability within the meaning of the ADA.
The NOPD cites Simon v. St. Louis County, Mo., 735 F.2d 1082 (8th Cir.1984) as the leading case involving reasonable accommodation of disabled law enforcement officers.[3] In that case, Simon was rendered a paraplegic due to a gunshot wound sustained in the line of duty. After being terminated, he filed suit under the Rehabilitation Act claiming that he was discriminated against because of his disability. He claimed that the police department's requirements that officers be able to effect a forceful arrest and be able to transfer to all positions within the police department were not reasonable, legitimate, or uniformly applied. The Eighth Circuit disagreed, upholding the district court's finding that the two challenged requirements were nationwide standards for active commissioned police officers and that such standards were reasonable, legitimate, and necessary to guarantee effective police work. The court also upheld the district court's finding that the police department's refusal to modify those requirements to accommodate Simon was not unreasonable. Thus, the court found that Simon was not otherwise qualified under the Rehabilitation Act and it affirmed the judgment of the district court dismissing his action.
Similarly, the United States District Court for the District of Maryland ruled that the placement on disability retirement of a police officer due to the total loss of the use of his left arm did not violate the ADA because he could not perform the essential functions of his job with or without reasonable accommodation. Champ v. Baltimore County, 884 F.Supp. 991 (D.Md. 1995), affirmed 91 F.3d 129 (4th Cir.1996). Following his injury in 1976, Champ worked in various light duty positions *844 until 1992 when, due to budgetary constraints, officers who could not perform their duties were removed from the department. Champ claimed that his forced disability retirement violated the ADA. The police department countered that Champ could not perform the essential functions of his position, which were making a forceful arrest, driving a motor vehicle under emergency conditions, and qualifying with weapons. It further claimed that no reasonable accommodation would enable him to perform those duties. The court noted that an employee claiming violation of the ADA bears the burden of establishing his ability to perform the essential functions of his position with reasonable accommodation. The court then found that the three functions claimed to be essential by the police department were in fact essential functions required by all Baltimore County police officers, regardless of their position within the department. The court further found that given the responsibility of a police officer to safeguard the public at all times, Champ's inability to make a forceful arrest, to drive under emergency conditions, and to qualify with a firearm posed a direct threat to the health and safety of others which could not be eliminated by any reasonable accommodation. Finally, the court held that although the ADA provides that reasonable accommodation may include reassignment, it did not require the police department to convert a temporary light duty job into a permanent one.
This Court recently held in Muhammad v. New Orleans Police Department, XXXX-XXXX (La.App. 4 Cir. 7/11/01), 791 So.2d 788, that if an employee will never be able to return to work as a full duty police officer, termination is called for under the inability to perform clause of the Civil Service Commission Rule 9. Accordingly, we affirmed the commission's dismissal of Officer Muhammad's appeal of his forced retirement from the NOPD.
In the case sub judice, the NOPD proved through the testimony of Sgt. Crespo and Chief Johnson that it has a legitimate need to staff its department with able-bodied officers. Likewise, the NOPD proved that its policy of temporarily assigning injured officers to limited duty positions, but requiring their removal from duty once they are declared permanently disabled and unable to return to full duty, was justified. Finally, the NOPD proved that its refusal to establish permanent limited duty positions was justified by the needs of the department. Officer Wilson, by his own admission, cannot perform the essential functions required of a New Orleans police officer and no reasonable accommodation will allow him to do so. Accordingly, the Commission's decision to deny Officer Wilson's appeal was not arbitrary and capricious, nor was it manifestly erroneous or clearly wrong. The judgment of the Civil Service Commission is affirmed.
AFFIRMED.
NOTES
[1] La. R.S. 46:2254C, concerning discrimination by employers against handicapped persons, was repealed by Acts 1997, No. 1409, § 4.
[2] At the commission hearing, there was a dispute as to whether Officer Wilson was actually informed of his right to seek reasonable accommodations through the City's ADA coordinator. On appeal to this Court, however, the only remedy he seeks is reinstatement to his limited duty position in the Recruitment Division, along with all back pay and benefits. Accordingly, we need not address whether he was, in fact, informed of his option of seeking reasonable accommodations.
[3] Although the plaintiff therein had filed suit under the Rehabilitation Act of 1973, the substantive standards for determining whether unlawful discrimination has occurred are the same under the Rehabilitation Act and the ADA. Myers v. Hose, 50 F.3d 278 (4th Cir. 1995).