JAMES F. McKAY III, Chief Judge.
Ixln this civil service case, Juan Vara and Kevin Wheeler appeal a judgment of the Civil Service Commission of the City of New Orleans, which denied the appeal of their terminations by the New Orleans Pohee Department. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On October 18, 2011, at approximately 10:19 p.m., Officers Vara and. Wheeler, who were assigned to the 2nd District Task Force, responded to a domestic disturbance at 8437 Stroelitz Street, where a female complainant alleged that a male suspect was armed with a machete and arguing with her. Patrol Officers Anthony Polidore and Larry King also responded to the incident. The officers developed a tactical plan for entry and disarming the subject. Officer Wheeler was to enter with his firearm in his right hand and flashlight in his left hand, followed by Officer Vara with a Taser. Officers King and Polidore were to follow behind and assist by handcuffing the suspect.
12Upon entering the dimly lit residence, the officers repeatedly asked the female complainant, “where is guy with the knife?” She directed them to the rear of the residence and the subject emerged from a back room. He was holding a two-foot-long-machete in one hand and holding his pants about his waist with the other. At this point, in spite of the tactical plan, Officer Polidore intervened with the subject and disarmed him.[1] The other officers ordered the subject to “get on the ground” but he did not comply. Then, Officers Wheeler and Vara both deployed their Tasers toward the subject. Officer Wheeler also applied a second shock to the subject. The entire episode was captured on video by the cameras attached to both of the officers’ respective Tasers.
Thereafter, Officer Vara handcuffed the subject, and rolled him over partially to stand him upright. Officer Polidore helped Officer Vara lift the subject from the ground, handcuff the subject properly behind his back, and escort the subject outside. The subject was not charged with a crime because it was determined that he needed psychiatric treatment.
Officers Vara and Wheeler co-authored and prepared a police report of the incident in the immediate aftermath. Because of the Taser deployment, a resisting arrest report was required from a supervisor. Therefore, Officers Vara and Wheeler were interviewed by Sergeant Russell'Phi-libert. , They told him that: 1) the subject was armed with a machete; 2) the subject did not comply with verbal ^demands; 3) that Officer Polidore’s attempt to .disarm the subject was unsuccessful; and 4) the subject was armed and advanced toward them, causing them to deploy their Tasers. Thereafter, Sergeant David Duplantier, the supervisor of the Taser program at the NOPD Training Academy, reviewed both Officer Vara’s and Officer Wheeler’s Taser video footage, the incident report, and the *296 resisting arrest report. Sgt. Duplantier found discrepancies between the- incident report, resisting arrest report, and the two videos.[2] ■
Sgt. Duplantier reported this discrepancy to his superiors. A disciplinary investigation was instituted and the matter was assigned to Public Integrity Bureau investigator, Sergeant L.J. Smith. Following his investigation, a disciplinary hearing was held before Deputy Superintendent Darryl Albert. Dep. Supt. Albert found that both officers had violated departmental rules and he recommended that they both be terminated. Superintendent Roñal Serpas approved all of- Dep. Supt. Albert’s recommendations. On November 27, 2012, Officers Vara and Wheeler were terminated for violating two NOPD rules: 1) Rule 2, Moral Conduct, paragraph 3, “Honesty and Truthfulness,” and 2) Rule 6, Official Information, paragraph 2, “False or Inaccurate Repors.” Each officer was also suspended for several other rule violations. Thereafter, Officers Vara and Wheeler filed an appeal with the Civil Service Commission-.
|¿The' casé was assigned to hearing examiner Jay Ginsberg, who was to receive evidence, listen to testimony, and prepare a recommendation to the Commissioners. The civil service hearing place before Mr. Ginsberg took place on June 26, 2013. However, Mr. Ginsberg resigned from his position before rendering a hearing examiner’s report' to the Commissioners. Thereafter," hearing examiner Vic Papai was ¡assigned to review the transcript and evidence and render a recommendation.[3] Mr". Papai recommended that the Commission grant the appeal. The Commission, however, performed an independent review of the record and unanimously decided to deny the appeal and uphold the terminations and suspensions imposed by the appointing authority. It is from this judgment that Officers Vara and Wheeler now appeal.
DISCUSSION
On appeal, Officers Vara and Wheeler raise the following assignments of error: 1) the Commission erred by finding that there was legal cause to discipline the appellants; and 2) the Commission erred by finding that the discipline was commensurate with the offense. .
 It is well settled that, in an appeal before the Commission, an appointing authority has the burden of proving by a preponderance of the evidence: 1) the occurrence of the complained of activity, and 2) that the conduct complained of impaired the efficiency of the public service. Gast v. Dep’t. of Police, 2013-0781, p. 3 (La.App.3/13/14), 137 So.3d 731, 733 (quoting Cure v. Dep’t' of Police, 2007-0166 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094). If the Commission finds that an appointing authority has met its initial burden and had sufficient cause to issue discipline, it must then determine if that discipline “was commensurate with the infraction.” Abbot v. New Orleans Police Dep’t., 2014-0993, p. 2 (La.App. 4 Cir. 2/11/15, 165 So.3d 191, 197 (citing Walters v. Dep’t. of Police of City of New Orleans, 454 So.2d 106, 113 (La.1984)).
The Civil Service Commission’s decision is subject to appellate review on any question of law or fact. La. Const, art. X, § 12(B). This Court set forth the appel *297 late standard of review for ¡civil service cases as follows:
[t]he standard of review for the appellate court is multifaceted. When reviewing the- Commission’s findings of fact, the appellate court must apply the clearly .wrong or manifestly erroneous standard. However, .when judging the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by an abuse of discretion. Wilson v. New Orleans Aviation Bd., 96-1350, p. 2 (La.App. 4 Cir. 1/15/97), 687 So.2d 593, 595. Therefore, the appropriate standard of appellate review of action- by the Civil Service Commission is to determine whether the conclusion reached by the Commission is arbitrary or capricious. Palmer v. Dep’t. of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658. As in other civil matters, deference should be given on appellate • review to the factual conclusions of the Commission. Newman v. Dep’t. of Fire, 425 So.2d 753 (La.1983), It is only when this court finds that the Commission’s actions were arbitrary or capricious that in can disturb the Commission’s judgment.
Muhammad v. New Orleans Police Dep’t., 2000-1034 pp. 4-5 (La.App. 4 Cir. 7/11/01), 791 So.2d 788, 790-791.
In the instant case, the first issue before this Court is whether there was legal cause to discipline Officers Vara and Wheeler. The appointing authority terminated Officers Vara and Wheeler for rendering false statements and issuing |-Rfalse reports regarding the use of Tasers on a mentally-impaired subject who had already been .disarmed and posed no threat to them or anyone, else. The Commission’s ruling was based on the testimony of Officers King-and Polidore, Sgt. Smith and Dep. Supt. Albert, as well as the Taser videos of the incident, which clearly contradict the report authored by the. appellants and. the statements they made to investigators. Therefore, the record confirms-that the Commission’s ruling was not arbitrary and capricious because, there was a rational basis for disciplining Officers Vara and Wheeler. As' such, this finding cannot be disturbed on appeal.
 The second issue before this Court is whether the Commission erred in finding that the discipline imposed on Officers Vara and Wheeler was commensurate with their offenses. The Commission noted that it did not render its ruling lightly, recognizing the admitted difficulties presented by police.work, including the external and internal pressures on NOPD officers. However, the Commission ultimately found that there were “numerous instances where the Appellants reported demonstrably false information to NOPD, and their belief that their reports were accurate is called into serious question by their testimony, the video, and their initial account of the incident.” The Commission stated that the “Appellants’ violations warrant the highest degree of discipline, termination.”
Reports by officers generated in connection with arrests, uses of force, or other interactions with citizens are important because these reports, which are public records, often provide the only insight into these incidents. In the interest of accountability, transparency, and public trust, it is essential that these records accurately reflect what happened. If officers alter, omit or misrepresent material in these reports, the essential role these reports play is drastically compromised. |7Therefore, the Commission found that *298 the NOPD had a vested interest in ensuring that officers commit to the highest level of truthfulness in making official reports, and severely disciplining those officers who fail to do so. We agree. Accordingly, the Commission did not err in finding that the discipline imposed on Officers Vara and Wheeler was commensurate with their offenses.
CONCLUSION
For the above and foregoing reasons, we find that the judgment of the Civil Service Commission had a rational basis and was not arbitrary and capricious. Accordingly, the judgment of the Civil Service Commission upholding the NOPD’s terminations of Juan Vara and Kevin Wheeler is affirmed.
AFFIRMED

. While Officer Polidore was successful in disarming the subject, his actions ran contrary to the plan developed by the officers and put himself and his fellow officers in unnecessary • danger; Officer Polidore’s actions violated ■ NOPD protocol regarding subjects with edged weapons.

. Officers Vara and Wheeler could have viewed their Taser videos at the NOPD Train- -, ing Academy prior to the completion of the incident report and the resisting arrest report. However, neither of the officers requested to review their Taser videos.

. Mr. Papai was not present .at any of the hearings in this matter.