Judge Edwin A. Lombard
hThe appellant, Marsha Thompson, seeks review of the Civil Service Commission’s October 24, 2016 decision upholding her forty-five (45) day suspension. Finding that the Commission’s rulings are not arbitrary or capricious, we affirm the decision of the Commission.
*219 Facts
In November of 2010, the appellant, Marsha Thompson, an officer of the New Orleans Police Department (“NOPD”), responded to a simple arson call for service. When the appéllant arrived at the scene, she observed burn marks on the apartment’s front door. Investigating the matter, Officer Thompson spoke with the occupants of the- residence, Lashondra Fefíe and eight-year-old Omarion White, the sole witness to the incident. According to .Officer Thompson, Omarion indicated during their meeting that he saw his step-mother, Leslie Starks, use a lighter to ignite a piece of paper in a pipe; she used the pipe to set the residence’s door on fire. Omar-ion also stated that Leslie Starks’ daughters, Taylor Starks and Jessica Richardson, accompanied their mother during the incident; he stated neither of them hindered their mother from setting the apartment’s front door on fire, nor warned the surrounding neighbors of the danger.
|BBased on Omarion’s statement, Officer Thompson arrested Leslie Starks for Simple Arson, La. R.S. 14:52 and, after consulting with an arson investigator, sought two arrest warrants for Taylor Starks and Jessica Richardson, as principals to the crime. Officer Thompson wrote in the arrest affidavits that Taylor Starks and Jessica Richardson “arrived at the victim’s residence and [a witness] observed [them] using clear liquid and paper, ignited by a lighter, to set a fire in front of the front door.” As well, the appellant wrote that the resident’s son[1] positively identified the two daughters as the individuals responsible for setting fire to the front door. After discussing the matter with Officer Thompson, a magistrate judge granted the two arrest warrants.
At later proceedings regarding the simple arson charge, Officer Thompson testified to the-inconsistency between the witness’s actual statement and her statements in the arrest affidavits. Officer Thompson affirmed that the witness only stated that Leslie Sparks started the fire and did not identify Taylor Starks and Jessica Richardson as ignitors of the fire. In testifying, the appellant also stated that she did not believe she wrote a false statement in the arrest affidavits because of her understanding that Taylor Starks and Jessica Richardson were “principals” to the crime of simple arson. The NOPD investigated the discrepancy between the police report and the arrest affidavits,and held a pre-disciplinary hearing for Officer Thompson. The NOPD found the appellant admitted to making the alleged fabrications. After the hearing, the NOPD issued a disciplinary letter concluding Officer Thompson violated various departmental rules. The NOPD suspended the appellant for a total of forty-five (45) days for the following infractions: 1) thirty U(30) days for violating Rule 2: Moral Conduct; Paragraph 1 Adherence to Law—La. R.S. 14:126; 2) ten (10) days for violating Rule 4: Performance of Duty;' and 3) five (5) days for violating Rule 3: Professional Conduct, Paragraph 1: Professionalism.
' Officer Thompson filed an appeal with the Civil Service Commission (“Commission”) to review her forty-five (45) day suspension. After a hearing, the Commission ruled that Officer Thompson violated the charged NOPD rules. The Commission concluded that the appellant engaged in making the inaccurate statements by stating facts substantially dissimilar to Taylor Starks and Jessica Richardson’s actual involvement. The Commission found, that the police report contained statements made under “oath or ‘equivalent affirmation’ ” by *220 Officer Thompson that were inconsistent with the statements contained in the arrest affidavits she executed. Therefore, the Commission determined that this constituted a violation of La. Rev. Stat. 14:126. The Commission further found that the NOPD met its standard of proof establishing Officer Thompson did not act carelessly, but, rather knew the inaccuracy of her statements at the time she executed the arrest affidavits.
In stating that this type of misconduct negatively impacts the efficiency of the NOPD and the citizens’ trust in the department when their liberties are at stake, the Commission concluded that the negative impact on the NOPD’s reputation requires the department to use threats of significant discipline to deter such misconduct. In concluding such, the Commission found her forty-five (45) day suspension commensurate with the appellant’s misconduct. The Commission noted the NOPD’s leniency considering the possible disciplines provided for in its penalty matrix. Hence, the Commission denied the appellant’s appeal.
14 Officer Thompson timely filed the instant appeal in this Court, raising three (3) assignments of error:
1. The Commission erred when it found that the NOPD established, by a preponderance of the evidence, a lawful cause to discipline Officer Thompson.
2. The Commission erred when it found that the actions of Officer Thompson bore a “real and substantial” negative impact on the NOPD’s efficient operation.
3. The Commission erred when it found that the penalties imposed by the NOPD were commensurate with the alleged violations.
Standard of Review
The civil service employee is protected against being disciplined without cause. Cornelius v. Dept. of Police, 07-1257, p. 7 (La.App. 4 Cir. 3/19/08), 981 So.2d 720, 724. On appeal to the Commission, the appointing authority bears the burden of proving 1) the occurrence of the complained activity and 2) that such activity “bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, (citing Marziale v. Dept. of Police, 06-459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767). Both requirements must be proven by a preponderance of the evidence. Id.
The Commission’s decision is subject to appellate review. La. Const, art. X, § 12. Appellate courts review the Commission’s finding of facts pursuant to the clearly wrong or manifest error standard. Muhammad v. New Orleans Police Dept. 00-1034, p. 4 (La.App. 4 Cir. 7/11/01), 791 So.2d 788, 791; See also Vara v. Dept. of Police, 16-0036, p. 5 (La.App. 4 Cir. 6/29/16), 197 So.3d 294, 297. In reviewing the Commission’s legal conclusions, an appellate court should not modify the Commission’s rulings unless it is arbitrary, capricious or characterized by an abuse of discretion. Id., 00-1034, pp. 4-5, 791 So.2d at 791. The Commission’s decision is arbitrary or capricious when there is no rational basis for the Commission’s ruling. Cure, 07-0166, p. 2, 964 So.2d at 1095.
Discussion
The appellant first argues that the Commission erred in finding the NOPD established a lawful cause for disciplining Officer Thompson. The appellant asserts that she did not violate NOPD Rule 2[2] *221 because she did not violate the underlying statute, La. R.S. 14:126, upon which NOPD Rule 2 is based. Specifically, the appellant contends that her police report statement does not qualify as a statement sufficient to violate La. R.S. 14:126 because police report statements are not made under oath or affirmation. La. R.S. 14:126 provides:
[i]t shall constitute false swearing whenever any person, having made a statement under sanction of an oath, or an equivalent affirmation, required by law, shall thereafter swear or affirm in a manner materially contradictory of or inconsistent with his former sworn or affirmed statement.
The plain language of La. R.S. 14:126 permits an “equivalent affirmation” to violate the statute. Black’s Law Dictionary defines an affirmation as:
A solemn pledge equivalent to an oath but without reference to a supreme being or to swearing; a solemn declaration made under penalty of perjury, but without an oath. Fed. R. Evid. 603; Fed. R. Civ. P. 43(b). While an oath is “sworn to,” an affirmation is merely “affirmed,” Lbut either type of pledge may subject the person making it to the penalties for perjury.
Black’s Law Dictionary (10 Ed. 2014).
In State v. Williams, the Louisiana Supreme Court determined that a signed police department’s form was an affirmation because by the defendant signing the form he or she affirms all the statements and facts included in the form are true. 10-1514, p. 5 (La. 3/15/11), 60 So.3d 1189, 1192. Similarly, Officer Thompson signed the police report containing the contradictory statements, attesting that the statements in the form were true. Therefore, we find that the Commission had a rational basis for ruling Officer Thompson violated NOPD Rule 2 because Officer Thompson’s signed police report constituted an equivalent affirmation under La. R.S. 14:126.
The appellant next asserts that the Commission’s ruling that she violated NOPD Rules 3 and 4 is arbitrary and capricious because the Commission did not discuss its legal basis or underlying facts to justify the violation of those rules. We disagree.
An officer violates NOPD Rule 4 when he or she fails “to take appropriate and necessary police action [.] ” NOPD Rule 3 provides, in pertinent part, that an employee shall not “act in a manner which brings discredit to the employee or the Police Department.”[3] Here, the appellant admits she made the inconsistent 17statements by inaccurately reporting facts from her investigation in two arrest affidavits. Accurately reporting facts from her investigation was the appropriate and necessary police action for Officer Thompson to perform. The appellant admittedly did not take the appropriate and necessary police action. In making inaccurate statements on the arrest affidavits, the appellant discredited herself and the NOPD. Therefore, we find that the Commission *222 had a rational basis for finding Officer Thompson violated NOPD Rules 3 and 4.
Next, the appellant argues that the Commission erred in finding that Officer Thompson’s actions had a real and substantial impact on the adverse operation of the NOPD. Specifically, the appellant asserts that the only evidence the NOPD presented in support of that contention was the testimony of former NOPD Deputy Superintendent Darryl Albert (“Chief Albert”).
In McKain v. Dept. of Police, the appellant filed ,a police report falsely asserting his arrest' of an offender already in custody. 10-1781 (La.App. 4 Cir. 6/29/11), 72 So.3d 357. The court found the testimony of the superintendent sufficient to prove the actions of the appellant to be detrimental to the efficient operation of the police department. Id., 10-1781, p. 8, 72 So.3d at 363. Similarly, Chief Albert stated that this type of conduct negatively impacted the department. Chief Albert téstifíed the NOPD and the citizens depend on the proper representation of facts and truthfulness of officers, “especially when a citizen’s liberty is at stake.” Therefore, we find 'that the; NOPD’s witness testimony provided a rational basis on which' the Commission could base its ruling as a superior officer of a department may attest to the negative impact of an employee’s, actions upon the department.
IsLastly, the appellant argues that the Commission erred in finding the forty-five (45) day suspension was commensurate with her dereliction. Officer Thompson asserts she made a mistake with no malicious intent, thus nine (9) weeks of unpaid suspension is excessive. The appellant contends that' the facts of the case are determinative of the commensurate punishment and not NOPD’s penalty matrix, citing Cure, 07-166, p. 3, 964 So.2d at 1094.
The NOPD’s penalty matrix allows a maximum discipline of termination for the appellant’s violation's. The. NOPD’s choice to impose an unpaid suspension of nine (9) weeks is equitable compared to the prospect of termination. For instance, in Vara v. Dept. of Police, this court affirmed the termination of two officers that submitted a police report of an .arrest contradictory to the video of the incident. 16-36, p. 7 (La.App. 4 Cir. 6/29/16), 197 So.3d 294, 298. Moreover, in McKain, we affirmed the termination of a police officer for making a false statement of .taking credit for an arrest on a police report. 10-1781, p. 7, 72 So.3d at 362. Therefore, we find that the Commission possessed a rational basis for ruling that the forty-five (45) day suspension was commensurate with the appellant’s infractions and was not excessive.
DECREE
For the foregoing reasons, the decision of the Commission is affirmed.
AFFIRMED

. Antoine White is a resident of the apartment and father of Omarion White.

. Rule 2 Moral Conduct; Paragraph 1 Adherence to Law
*221 Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans. Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.

. Rule 3: (1) PROFESSIONALISM
Employees shall conduct themselves in a professional manner with the utmost concern for the dignity of the individual with whom they are interacting. Employees shall not unnecessarily inconvenience or demean any individual or otherwise act in a manner which brings discredit to the employee or the Police Department.