590 So.2d 850 (1991)
Len DAVIS
v.
DEPARTMENT OF POLICE.
No. 91-CA-0638.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1991.
Frank G. Desalvo, David C. Rash, New Orleans, for plaintiff/appellant.
*851 William D. Aaron, Jr., City Atty., Kathy Lee Torregano, Chief Deputy City Atty., Brett J. Prendergast, Chief of Civil Litigation, Elmer Gibbons, Deputy City Atty., Robert P. Early, Sr., Asst. City Atty., New Orleans, for defendant/appellee.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Len Davis, who is a New Orleans Police officer, appeals his 15-day suspension for involvement in an automobile accident. We affirm.
The accident occurred at the corner of North Tonti and Franklin on April 6, 1990. Davis was driving a police vehicle east on North Tonti. When he reached the intersection, he came to a complete stop and looked to the left, then proceeded into the intersection, according to his own testimony before the Civil Service Commission. As the car started moving, Davis' partner, Thelonious Dukes, told him to "look out." Davis stopped the car and again looked "only to the left." As he crossed the intersection, he struck a truck which was coming from the right, causing damage to the police vehicle.
Davis explained that Franklin Avenue is normally one-way and that traffic normally approaches only from the left at the site of the accident. However, the other side of Franklin was under construction at the time, so traffic was flowing in both directions.
After investigating the matter, the Police Department's Traffic Accident Review Board concluded that the accident was preventable and recommended a 15-day suspension. In compliance with the recommendation, Police Superintendent Warren G. Woodfork, Sr. suspended plaintiff from August 13 through September 1, 1990. Plaintiff appealed the suspension to the New Orleans Civil Service Commision, which conducted a hearing and upheld the disciplinary action. That decision has been appealed directly to this court pursuant to La.Const. Art. 10, § 12.
Under the provisions of LSA-R.S. 33:2561, classified municipal employees may be subjected to disciplinary action, provided such action is both in good faith and for cause. City of Westwego v. McKee, 448 So.2d 166, 169 (La.App. 5th Cir.1984). The appointing authority has the burden of proving by a preponderance of the evidence that legal cause exists for the disciplinary action imposed. Ennis v. Department of Public Safety and Corrections, 558 So.2d 617, 619 (La.App. 1st Cir. 1990). In order to prove that legal cause for the action exists, the appointing authority must "prove that the conduct complained of impaired the efficiency of the public service and that it bears a real and substantial relationship to the efficient operation of the public service in which the employee was engaged." Id., Newkirk v. Sewerage & Water Board, 485 So.2d 626, 627-28 (La.App. 4th Cir.), writ denied 489 So.2d 920 (La.1986). Appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause. City of Houma v. Houma Municipal Fire & Police Civil Service Board, 405 So.2d 1132, 1134 (La.App. 1st Cir.1981), writ denied 410 So.2d 1134 (La. 1982). Unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. Id.
In the instant case, the record contains sufficient evidence to support the 15-day suspension. Davis admitted that he never looked to the right to ascertain whether any vehicles were approaching from that direction, even after his partner warned him of the danger. The evidence is clear that Davis' failure to yield to the stop sign in his lane of travel caused the accident in question. Despite Davis' contention that his actions should be excused because it normally was not necessary to look to the right, the fact remains that the other driver was proceeding according to the law. It is clear from the record that the accident was easily preventable; all Davis needed to do was look to the right.
*852 Additionally, Davis' conduct undoubtedly "impaired the efficency" of the police department and "bears a real and substantial relationship to the efficient operation" of the department. Police officers are charged with enforcing traffic laws; a police officer's failure to comply with the laws thus gravely impairs the efficiency of the department. Additionally, the damage done to the police vehicle caused loss of equipment hours, which also impaired the efficiency of the department. Man hours were also lost since the accident prevented Davis and his partner, as well as the investigating officer, from performing their duties for some period of time. Since the Civil Service Commission's decision was not manifestly erroneous, it must be affirmed.
Davis' principal arguments on appeal concern the admissibility of the evidence presented at the hearing before the commission. He claims that the hearing officer considered improper expert testimony and hearsay evidence when making his decision.
However, none of those arguments have merit. It is well established that the "usual rules of evidence need not apply to an administrative hearing." Brouillette v. State of Louisiana, No. CA-90-1101 589 So.2d 529 (La.App. 1st Cir.1991); Banks v. Administrator, 488 So.2d 1067, 1069 (La. App. 2d Cir.1986). The jurisprudence cited above specifically refers to the admissibility of hearsay in administrative hearings, but the same rule should apply to expert testimony.
Additionally, under the rules for determining the admissibility of expert testimony adopted by this court in Adams v. Chevron, 589 So.2d 1219 (La.App. 4th Cir. 1991), the expert testimony presented in this case was properly admitted since experts may be qualified by reasons of "knowledge, skill, experience, training, or education." Id., at p. 1224. Davis' principal contention concerning the expert witness concerns the witness' description of the defensive driving class Davis was required to attend as part of his training for the police department. The expert testified that police officers are taught to always look to the left, then to the right, then to the left again before proceeding after stopping at a stop sign. Davis says the expert is not qualified to testify on this issue because he admitted that he had not attended a defensive driving class in more than two years and because he admitted that he never attending a class with Davis. However, the witness was qualified because he unquestionably had experience with the police department's defensive driving class, both as a student and as an instructor.
Even if Davis' argument on this issue had merit, the record contains sufficient other evidence on which to base the disciplinary action. The commission was not required to prove that Davis violated a specific departmental rule in order to establish legal cause for the disciplinary action. Looking both ways before proceeding into an intersection, even on a one-way street, should be routine for drivers. Even if no vehicles are coming from the opposite direction, the driver should check to be sure there are no pedestrians or bicyclists coming from that way. Davis unquestionably violated traffic laws by failing to yield the right of way. That fact alone is sufficient to support the disciplinary action.
For the above and foregoing reasons, the decision of the Civil Service Commission upholding Davis' 15-day suspension is affirmed.
AFFIRMED.