687 So.2d 593 (1997)
George WILSON
v.
NEW ORLEANS AVIATION BOARD.
No. 96-CA-1350.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1997.
*594 Monica J. Clay, Harahan, for Plaintiff/Appellant.
Bernard L. Charbonnet, Jr., New Orleans, for Defendant/Appellee.
Before BYRNES, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
George Wilson appealed his April 3, 1993 termination from the position of Taxi Inspection Supervisor for the City of New Orleans. On May 16, 1995, in unpublished opinion 94-CA-1359, this Court reversed Wilson's termination and remanded to the City Civil Service Commission for the imposition of a less severe punishment commensurate with the dereliction. A hearing was held consistent with the remand, and on April 2, 1996, the Commission reduced the punishment to demotion to the position of Senior Taxicab Investigator effective May 16, 1995, with back pay to run from that date at a salary of $1500 per month. Wilson appeals his demotion and the award of back pay.
*595 The Civil Service Commission's decision is subject to appellate review on any question of law or fact. La. Const. art. X, § 12(B); Goins v. Department of Police, 570 So.2d 93 (La.App. 4th Cir.1990). The Commission has a duty to decide independently from the facts presented whether the appointing authority had good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Walters v. Department of Police, 454 So.2d 106 (La. 1984).
The standard of review for the appellate court is multifaceted. When reviewing the Commission's findings of fact, the appellate court must apply the clearly wrong or manifestly erroneous standard. Walters, supra, at 113. However, when judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. Id. at 114.
The details of Wilson's dereliction, which involved failure to properly supervise his employees, failure to report to work, and failure to follow sick leave procedures, were summarized by this Court in previous unpublished opinion 94-CA-1359. In that opinion, this Court found that the testimony supported the Commission's finding that the efficiency of the Department was in fact impaired by Wilson's dereliction, and affirmed the Commission's determination that disciplinary action was based on legal cause. Therefore, the issue to be resolved in this appeal is whether the Commission's order demoting Wilson and ordering back pay consistent with the demotion was arbitrary, capricious, or characterized by abuse of discretion.
As noted in the previous unpublished appeal, and in accordance with the published jurisprudence, this Court will not substitute its judgment for that of the Commission. Under the circumstances, the Commission does not appear to have abused the discretion vested in it by the constitution. Wilson's dereliction at the supervisory level had more serious consequences than if committed by a lower ranking employee, and therefore warrants a more severe penalty. His actions exposed the traveling public to an increased risk of accident. In the termination letter, the appointing authority took notice of the facts that Wilson had previously been suspended three times for failing to follow his supervisor's directives and for improper conduct, that his file contained items indicating bickering and unwillingness to work with management, and that no satisfactory explanations for his behavior had been presented at a pre-termination hearing. Moreover, although Wilson now contends on appeal that a thirty-day suspension would be commensurate with the dereliction, he conceded in the previous appeal that an employee accused of a similar infraction was demoted in addition to receiving a thirty-day suspension. Accordingly, the Commission's order demoting Wilson to Senior Taxicab Investigator with back pay of $1500 per month is affirmed.
However, the Commission made the demotion effective May 16, 1995, which is the date of the prior unpublished decision of this Court, rather than April 3, 1993, which is the date of Wilson's termination. The Commission offered no explanation for making the demotion effective at the date judgment was rendered in the appeal and there appears to be no reason afforded by law. It is not contended in the Commission's brief on appeal, nor does it appear from the record, that the Commission intended to order a two-year suspension (from the date of termination to the date of judgment on appeal) as part of Wilson's punishment. Therefore, this Court can only conclude that the Commission erred. In accordance with Code of Civil Procedure article 2164, the judgment is modified to make the demotion effective April 3, 1993, with back pay of $1500 per month from this date.
For the foregoing reasons, the Commission's order demoting Wilson to Senior Taxicab Investigator is affirmed. The judgment is modified to make the demotion effective April 3, 1993, with back pay of $1500 per *596 month from this date, and the judgment is affirmed as modified.
AFFIRMED AS MODIFIED.