PLOTKIN, Judge.
Officers Keith Sholes and Kevin Thomas appeal a judgment of the New Orleans Civd Service Commission dismissing their appeal of a Civd Service judge’s decision upholding a 10-day suspension for neglect of duty and lack of truthfulness imposed by the appointing authority, Department of Police. We affirm.

Facts

The disciplinary action imposed on Officers Sholes and Thomas arose from an incident which occurred on December 29, 1993, when a security alarm sounded at 509 Canal Street. Officers Sholes and Thomas both radioed that they would respond to the alarm; they were in separate vehicles: Officer Sholes was in a one-man cruiser, while Officer Thomas was on a scooter.
At the hearing in this case, both Officer Sholes and Officer Thomas testified that they proceeded to 509 Canal Street immediately after radioing in their intention to respond to the alarm. The officers testified that they met at the front of the budding, which housed a Wendy’s Hamburger business, then went around the side entrance. Finding both entrances secure, the officers testified that they informed the dispatcher that the location was secure. Thereafter, they left the scene without “marking it up.” In other words, they failed to report the disposition of the assignment to the dispatcher after it was completed.
Also testifying at the hearing were Police Supervisors Arthur Bancroft and William Matthews, who stated that they were in the area when the alarm came through in a police cruiser. In fact, they testified that they could see the front of the budding in question from the time the alarm came through. They heard Officers Sholes and Thomas respond to the alarm and proceeded to the location. Thereafter, they heard Officer Sholes and Thomas radio in that the budding had been secured. However, Supervisors Bancroft and Matthews testified that neither Officer Sholes nor Officer Thomas ever cheeked the front of the budding.
As a consequence, Officers Sholes and Thomas were cited for dereliction of duty and lack of truthfidness and were subjected to 10-day suspensions by the Department of Police. Officers Sholes and Thomas sought review by a Civd Service judge, who upheld the disciplinary action imposed by the Department. That decision was appealed to the Civd Service Commission, which reviewed the record from the hearing and dismissed the appeal. Officers Sholes and Thomas appealed to this court.

Analysis

The standard and method applicable to review of decisions of the Civd Service Commission have been described by this court as follows:
The Civd Service Commission’s decision is subject to appedate review on any question of law or fact. La. Const, art. X, § 12(B). The Commission has a duty to Udecide independently from the facts pre *1057 sented whether, the appointing authority has good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction.
The standard of review for the appellate court is multifaceted. When reviewing the Commission’s findings of fact, the appellate court must apply the clearly wrong or manifestly erroneous standard. However, when judging the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.
Wilson v. New Orleans Aviation Board, 96-1350, p. 2 (La.App. 4 Cir. 1/15/97), 687 So.2d 593, 595 (citations to cases omitted).
In contesting the City Civil Service Commission’s decision in the instant case, Officers Sholes and Thomas argue primarily that the Commission’s factual findings were not reasonable. In support of this argument, Officers Sholes and Thomas refer to the following statements in the Commission’s report dismissing the appeal:
What this case boils down to is the word of two sergeants against two officers. If the testimony of the two sergeants is viewed as credible, then the actions of [Officers Sholes and Thomas] are clearly detrimental to the efficient and honest operation of the public service. What is extremely troubling to the Commission in its deliberations in this matter is that two of the four witnesses, officers sworn to uphold the law, have with malice and foresight committed perjury. It is another sad commentary on our already beleaguered Police Department. Nevertheless, absent corroborating testimony or evidence to the contrary, the Commission is not inclined to question the credibility of supervisors properly assigned the responsibility of overseeing departmental operations.
From that language, Officers Sholes and Thomas argue that the Commission decision was unreasonable because it failed to hold conclusively that they were Ulying. Officers Sholes and Thomas claim that the Commission failed to make any factual conclusion about which group was telling the truth regarding the incident.
What Officers Sholes and Thomas overlook is the fact that the Commission made definite legal findings in this case. In the factual section of the report, the Civil Service Commission stated as follows:
At the time of the incident, 509 Canal Street was under observation by Police Sergeants Arthur Bancroft and William Mathews. The sergeants heard Thomas (1) respond to the alarm with a 10:97 meaning that the officer had arrived on the scene and then (2) give a Code 4 meaning the premises were secured. It was admitted in testimony that Thomas could have checked the sides of the building unobserved by the sergeants but that the front of the building was in clear view of them, and Thomas could not have given a Code 4 without cheeking the front of the building. Bancroft and-Mathews radioed him to return to the scene where Thomas stated he had already checked out 509 Canal. The testimony taken from Bancroft and Mathews was stipulated in the Sholes Hearing. As a consequence, both officers were cited for dereliction of duty and lack of truthfulness.
That factual statement indicates clearly that the Commission made a credibility call in favor of the Police Sergeants Bancroft and Matthews, and against Police Officers Sholes and Thomas. Moreover, throughout the report Police Sergeants Bancroft and Matthews were identified either by name or as “sergeants,” while only Officers Sholes and Thomas were identified as “officers,” as in the sentence where the Commission notes that the case involves “the word of two sergeants against two officers.” Immediately thereafter, the Commission finds that “two of the four witnesses, officers sworn to uphold the law, have with malice and foresight committed perjury.” We interpret that statement as a finding that Officers Sholes and Thomas were lying, not that Sergeants Bancroft and Mathews might have been lying, as Officers Sholes and Thomas argue.
*1058 Under the record evidence in this case, the factual findings of the Civil Service Commission are reasonable and are not clearly wrong or manifestly erroneous. The record supports the Commission’s finding that Officers Sholes and Thomas indicated that they had secured a building where an alarm had sounded without actually having checked the building out. Unquestionably, such conduct impairs the efficient and orderly operation of the police department. Moreover, Officers Sholes and Thomas have not argued that the 10-day suspension imposed as a result of the incident was not commensurate with the dereliction.

Conclusion

Accordingly, the decision of the City Civil Service Commission dismissing the appeal is affirmed.
AFFIRMED.