JJONES, Judge.
The New Orleans Police Department (NOPD) appeals the ruling of the Civil Service Commission of New Orleans (Commission), reversing the termination of Officer James Matthews (Matthews), and reducing his punishment to a suspension of sixty days. In this Court, the NOPD argues Matthews was a probationary employee, who was not entitled to have his termination reviewed by the Commission. After reviewing the record before us, we affirm the ruling of the Commission.

FACTS

Matthews was involved in an automobile accident on September 29, 1995, on Chef Menteur Highway. He was responding to a Code II call, in this case, assisting another police officer on foot. The speed limit on Chef Menteur Highway is 35 mph. However, traffic investigators determined Matthews was traveling at a minimum of 55 mph. The police vehicle Matthews was driving struck the neutral ground, flipped over and crashed through a concrete light post. Matthews was injured and the police car was totaled.
On January 11, 1996, a hearing was held by the Department of Police, and it j>was determined that the accident should be classified as “B” Preventable. Specifically, Matthews was charged with speeding and failure to maintain control of his vehicle.
In his defense, Matthews argued that he swerved to avoid hitting a pedestrian who stepped out in front of him. However, no corroborating witness was produced to substantiate this allegation. He contended that the vehicle may have suffered a tire blowout. However, two investigators determined that there was no tire blowout.
Matthews was terminated by the NOPD by two letters written by Superintendent Richard J. Pennington. The letters based Matthews’ termination on his over-reaction to a Code II call, his excessive rate of speed during the chase, total destruction of the police vehicle, and the fact that his conduct posed a threat to innocent people in the vicinity.
In the first termination letter Superintendent Richard J. Pennington wrote:
The Traffic Accident Review Board conducted an administrative inquiry into alleged violations by you of department de *1046 fensive driving techniques and/or the Traffic Laws of the City of New Orleans and the State of Louisiana. During that inquiry you were given the opportunity to present any witnesses, independent evidence, or mitigating circumstances that may have lessened your culpability. The board has submitted to my office for the determination of final disciplinary action a report of their findings from that inquiry held on January 11, 1996.
That inquiry determined that on September 29, 1995, you were involved in an accident at Chef Menteur and Werner Drive while driving a department vehicle. This accident occurred while you were responding to another officer’s call for assistance because he was involved in a foot pursuit. You were traveling west on Chef Menteur Highway with emergency lights and siren activated. As you passed the intersection of Chef Menteur Highway and Eastview[,] you observed a pedestrian step off the neutral ground into [your] lane of travel. You applied your brakes and then said you heard a loud muffled “pop,” or noise. You indicated (¡that you thought this was when your front right tire “blew out” causing you to lose control of your vehicle. You then stated that you tensed up and this caused your seatbelt to disengage. It was at this time that you said you passed out. Your vehicle struck the neutral ground, flipped over and crashed through a concrete street light post. Your vehicle then continued across the neutral ground, slid across three lanes of eastbound traffic where it came to rest upside down with you partially ejected. Information taken at the scene by NOPD traffic/fatality investigators indicated that your vehicle was traveling in excess of 55 m.p.h. Information received from the NOPD brake inspector indicated that the blowout occurred from your vehicle’s impact with the curb, and not prior to, causing the accident. The police unit you were driving was a 1995 Ford Crown Victoria and was a total loss to the department.
This accident/incident, as outlined above, has been classified by the Board as Category B-Preventable, Chart III, that is, you the operator shared a portion or all the responsibility for the aecident/ineident, in which the operator of the department vehicle has disregarded laws and policies governing traffic laws and safe driving practices.
Moreover, your conduct is contrary to the standards as prescribed by Rule IX, Section 1., paragraph 1.1, of the Rules of the Civil Service Commission for the City of New Orleans. This Rule prescribes:
RULE IX
DISCIPLINARY ACTIONS
Section 1. MAINTAINING STANDARDS OF SERVICE
1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following:
(1) removal from the service.
(2) involuntary retirement.
li(3) Reduction in pay within the salary range for the employee’s classification, subject to the provisions of Rule IV, Section 8.
(4) demotion to any position of a lower classification that the employee is deemed by the appointing authority and the Director to be competent to fill, accompanied by a reduction in pay, which is within the salary range for the lower classification, subject to the provisions of Rule IV, Section 8.
(5) Suspension without pay not exceeding one hundred twenty (120) calendar days.
(6) fine.
(7) (as amended June 10,1982, effective June 10,1982)
*1047 After a thorough review of the accident, the subsequent investigation and inquiry by the Board, and your past driving record with this department, I fully concur with the Board’s recommended penalty of dismissal from the New Orleans Police Department.
Therefore, you are dismissed from the department effective Wednesday, February 14,1996.
You are furthermore advised that you have the right to appeal this decision to the Civil Service Commission for the City of New Orleans within thirty (3) days from the date of this action.
Very truly yours,
/s/ RICHARD J. PENNINGTON
Superintendent of Police
In the second termination letter, the Superintendent wrote:
This is to clarify my correspondence to you of February 7,1996.
Your separation from the Department is based upon the termination of your probationary period as a Police Officer I due to unsatisfactory performance.
You may have the right to appeal this action to the City Civil Service Commission within thirty (30) days from the date of the original letter you received.
You have the right to be reinstated to your former ^position of Grounds Patrol Officer, which is now under the Department of Property Management.
Sincerely,
/s/ Richard J. Pennington
Superintendent of Police
Matthews appealed to the Commission pursuant to both letters and the
Commission, after a complete hearing, found;
While the testimony revolved around the reasons for the accident, the termination letter of March 1, 1996, cited the reasons for Appellant’s dismissal as unsatisfactory performance during probationary period. Appellant’s personnel record contains signed documentation from the Appointing Authority that he completed his probation, with excellent marks, on February 13, 1996. The March 1 letter is thus invalidated. Appellant had permanent status as a Police Officer I.
The accident, which prompted this disciplinary action, was very serious. However, the Commission must consider the unique hazards of Police work and the fact that Appellant was responding to an emergency call. Evaluation of the nature of the violations cited is complicated by (1) conflicting testimony by two very experienced police officers as to the nature of Code 2 calls (see witness Campbell, transcript p. 80): and (2) the delay involved in the follow-up investigation.
No one credibly testified that Appellant was speeding. No one credibly contradicted Appellant’s account that a pedestrian suddenly entered his path, causing him to swerve and lose control. No evidence of prior accidents was offered despite citing his past driving record in the termination letter.
Given the totality of the record, the Commission must find under the guidance of Walters that the offense proven does not warrant dismissal. Despite his relatively brief tenure, Appellant had excellent reports from supervisors, and was certified permanent as a competent Police Officer. Accordingly, the dismissal is reduced to a suspension of sixty days. Effective April 14,1996, appellant is to be reinstated, with all back pay and emoluments from that date.
tiThe NOPD appeals the ruling of the Commission arguing that the appointing authority showed sufficient facts to justify termination of Matthews. The NOPD also argues that the Commission committed clear error or acted arbitrary or capricious in reducing the penalty imposed upon Matthew by the NOPD to sixty-day suspension.
In the supplemental brief filed in this Court, the NOPD argues Matthews was a probationary employee and was not entitled to a review of his termination by the Commission. We view this' argument as one sounding in the Commission lacking jurisdiction, and we shall consider it first.
It is well settled that an employee who has gained permanent status in the clas *1048 sified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. LSA-Const.Art. X,Sec.8(a). Legal cause exists whenever the employee’s conduct impairs the efficiency of the public service in which- the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4 Cir.1990). The Appointing Authority has the burden of proving by a preponderance of the evidence the occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service. The appointing authority must also prove the actions complained of bear a real and substantial relationship to the efficient operation of the public service. Neff v. City Planning Com’n, 95-2324 (La.App. 4 Cir. 9/11/96), 681 So.2d 6, writ denied, 96-2465 (La.12/6/96), 684 So.2d 934. While these facts must be clearly established, they need not be established beyond a reasonable doubt. Cittadino, supra.
The NOPD argues that Matthews was a probationary employee at the time he was terminated, and point to the March 1, 1996, termination letter as evidence thereof. In its reasons for judgment, the Commission stated:
_J/The Appellant was classified as a Police Officer I. He was first hired on November 24, 1991. His personnel files show no previous disciplinary actions. He was dismissed on February 14, 1996, for unsatisfactory performance during his probationary period. The Appellant is appealing this dismissal.
The matter was assigned by the Civil Service Commission to a Hearing Examiner pursuant to Article X, Section 12.of the Constitution of the State of Louisiana, 1974. The hearing was held on April 23, 1997. The testimony presented at the hearing was transcribed by a court reporter. The three undersigned member[s] of the Civil Service Commission has reviewed a copy of the transcript arid all documentary evidence.
Thus, the Commission determined that Matthews was a classified employee from the record and his personnel file. Further, while the termination letter of March 1 states that Matthews is a probationary employee, the letter also confers upon Matthews the right to appeal to the Commission. This offer clearly demonstrates the confusion within the NOPD as to Matthews’ status as a classified or probationary employee.
Generally, a decision of the Civil Service Commission will not be overturned by the appellate court unless it was arbitrary, capricious, or an abuse of discretion. Montgomery v. Department of Streets, 593 So.2d 1352, 1355 (La.App. 4 Cir.1992).
Our review of the record indicates the NOPD did not put forth independent evidence as to the probationary status of Matthews. Thus, we find no basis to dismiss the appeal because Matthews was a probationary employee at the time of termination.
We now consider whether the NOPD showed sufficient cause to justify termination,, and whether the Commission committed clear error, or acted arbitrary or capricious in reducing the termination of Matthews to a sixty-day suspension.
_J¡The NOPD argues that Matthews was involved in a serious accident, violated departmental rules while responding to Code II calls, and could have prevented the accident in question. Finally, the NOPD argues that the Commission has no power to substitute its judgment for that of the Superintendent in determining the appropriate punishment.
The • Commission noted in its reasons for judgment that:
Appellant’s personnel records [contain] signed documentation from the Appointing Authority that he completed his probation, with excellent marks, on February 13, 1998. (emphasis added).. .Given the totality of the record, the Commission must find under the guidance of Walters that the offense proven does not warrant dismissal. Despite his relatively brief tenure, Appellant had excellent reports from supervisors, and was certified permanent (sic) as a Police Officer.
The record indicates that the Commission considered the termination in light of the appellant’s history with the NOPD, and it found a dismissal to be an excessive form of punishment for this offense. Therefore, it *1049 reduced Matthews’ punishment to a sixty-day suspension. We agree with this disposition.
In Davis v. Department of Police, 590 So.2d 850 (La.App. 4 Cir.1991), this Court affirmed a fifteen-day suspension of a police officer who violated the traffic laws by failing to yield to traffic approaching the right-side of the intersection. We have also held that [germination or dismissal is the most severe form of disciplinary action that can be taken by the Appointing Authority, and should be reserved for the most serious violation. Saacks v. City of New Orleans, 95-2074 (La.App. 4 Cir 11/27/96), 687 So.2d 432, writ denied, 97-0794 (La.5/9/97), 693 So.2d 769, cert denied, — U.S.—, 118 S.Ct. 298, 139 L.Ed.2d 230, 66 USLW 3137, 66 USLW 327966 USLW 3281 (1997).

bDECREE

For the foregoing reasons, the judgment of the Civil Service Commission reducing the appellant’s dismissal to a sixty-day suspension, and reinstating him to the NOPD with all back pay and emoluments from April 14, 1996 to the date of its judgment is hereby affirmed.

AFFIRMED.