DENNIS R. BAGNERIS, SR., Judge.
hThe Appellant, George Wischer, appeals the decision of the Civil Service Commission to terminate his employment as a New Orleans Police Officer. We affirm.
On or about January 17, 2003, Mr. Wischer responded to a disturbance call at the residence of Paula Lynn Farrior. Upon arrival Mr. Wischer and another officer, Chris Doyle (who arrived seconds before Mr. Wischer) determined that Ms. Farrior was threatening suicide. The officers determined that Ms. Farrior needed to be brought to Charity Hospital. Ms. Farrior resisted arrest and Mr. Wischer and other officers[1] handcuffed her and attempted to shackle her legs as she continued to resist. At trial Mr. Wischer admitted to punching Ms. Farrior in the face more than once in self-defense to stop her from biting him.
Mr. Wischer was indicted by an Orleans Parish grand jury and charged with second-degree battery. He was tried and convicted of simple battery and the conviction was upheld on appeal[2]. Ms. Farrior also filed suit in federal court | ¡.against Mr. Wischer and the City of New Orleans alleging a violation of her constitutional rights to be free from the use of excessive force[3]. The case was ultimately settled for $25,000.
In the instant case, Mr. Wischer presents two assignments of error: (1) that his termination was not commensurate with the circumstances under which he committed the violations, and (2) the hearing officer erred in not allowing the proffered testimony into evidence.
Mr. Wischer argues that he was performing his lawful duties when he attempted to take Ms. Farrior into custody. He argues that the Commission failed to consider that he was in a stressful situation that required him to use the force that he did because he was justifiably threatened.
The Commission, on the other hand, determined that Mr. Wischer’s actions affected the efficient operation[1] of the police department and that there was ho justification or mitigating circumstances to relieve Mr. Wischer of his responsibility for the incident. The Commission further concluded that the photographs of Ms. Farrior’s injuries, sustained at the hands of Mr. Wischer, could not be disputed.
A reviewing court will not reverse the City Civil Service Commission’s conclusion as to existence or absence of cause for dismissal of classified employee unless the conclusion is arbitrary, capricious or abuse of commission’s discretion. Johnson v. Department of Police, 575 So.2d 440 (La.App. 4 Cir.1991).
*614 The standard and method applicable to review of decisions of the Civil |sService Commission have been described by this court as follows:
The Civil Service Commission’s decision is subject to appellate review on any question of law or fact. La. Const, art. X, § 12(B). The Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. The standard of review for the appellate court is multifaceted. When reviewing the Commission’s findings of fact, the appellate court must apply the clearly wrong or manifestly erroneous standard. However, when judging the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.
Wilson v. New Orleans Aviation Board, 96-1350, p. 2 (La.App. 4 Cir. 1/15/97), 687 So.2d 593, 595 (citations to cases omitted). Sholes v. Department of Police, 97-1768, pp. 2-3 (La.App. 4 Cir. 2/25/98), 707 So.2d 1055, 1056-1057.
Our review of the record indicates that Ms. Farrior suffered injury as a result of Mr. Wischer’s actions and that Mr. Wischer admitted to “making a quick judgment on the force I used.” Further, the NOPD crime lab report which conducted an examination of Mr. Wischer’s police pants and shirt found no evidence that Ms. Farrior bit or was attempting to bite Mr. Wischer. This Court cannot determine that the termination of Mr. Wischer was clearly wrong considering the record before us. Additionally, we cannot conclude that the Commission acted arbitrarily or capriciously in terminating Mr. Wichser. Then Superintendent Edwin Compass, III, testified that “after looking at the entire investigation and the severity of the charges, I thought, in my opinion, that Officer |4Wischer did not act appropriately by any stretch of the imagination, and a charge and a violation of this severity merited and warranted termination.” The supportive testimony of Superintendent Compass along with the Commission’s findings is enough to not disturb this matter on appeal.
In his second assignment of error, Mr. Wischer argues that the Commission erred in not allowing evidence of other officers who committed crimes of simple battery, but who were not terminated, into the record[4]. He argues that had the evidence been introduced he would not have received' the penalty of termination. Mr. Wischer offers no legal precedent in support of this argument and makes a mere speculation that the Commission’s decision would have been different.
In a parallel matter with a distinguishable jurisdiction, we rely on Central Lumber Co. v. Duhon 2003-620, pp. 2-3 (La.App. 3 Cir. 11/12/03), 860 So.2d 591, 593, wherein the court concluded, “[t]he decision to admit evidence into the record rests within the sound discretion of the workers’ compensation judge and will not be reversed in the absence of manifest error.” Jones v. Trendsetter Prod. Co., Inc., 97-299, p. 11 (La.App. 3 Cir. 2/25/98), 707 So.2d 1341, 1346, writ denied, 98-793 (La.5/15/98), 719 So.2d 463. After reviewing the record as a whole, we do not find any error on the part of the workers’ *615 compensation judge in disallowing the proffered evidence. Central Lumber Company, 2003-620 at pp. 2-3, 860 So.2d 593.
Like our cohorts who ruled in Central Lumbar Company, we leave the discretion to proffer evidence solely up to the Appointing Authority and conclude that there was no error in disallowing the acts and actions of other officers into evidence. This assignment of error has no merit.
| ^Decree
For the reasons stated above we affirm the decision of the Civil Service Commission to terminate Mr. George Wischer and reject his argument that the evidence proffered at trial would have resulted in a lesser penalty.
AFFIRMED.
MURRAY, J., concurs in the result.

. According to the Mr. Wischer’s testimony, four other officers subsequently arrived on the scene.

. State v. Wischer, 2004-0325 (La.App. 4 Cir. 9/22/04), 885 So.2d 602.

. Farrior v. City of New Orleans, et al, No.2004-0142 in the United States District Court for the Eastern District of Louisiana.

. The evidence was proffered.