ROLAND L. BELSOME, Judge.
1,Appellant[1], who submitted no evidence or testimony at his May 16, 2007 civil service hearing, appeals the thirty (30) day suspension issued by the Civil Service Commission as a result of the second of two preventable vehicular accidents.
STANDARD OF REVIEW
This Court reviews the Civil Service Commission’s findings pursuant to La. Const, art. X, § 12(B). A Civil Service Commission’s decision will generally not be disturbed unless it was arbitrary, capricious, or an abuse of discretion. Matthews v. Dept. of Police, 1998-0467, p. 7 (La.App. 4 Cir. 11/18/98), 723 So.2d 1044, 1048.
DISCUSSION
In his sole assignment of error, Appellant argues that the Civil Service Commission erred in dismissing his appeal because the Appointing Authority 12failed to establish that Appellant’s accident warranted a “C-3”[2] designation. Appellant further ar *227 gues no evidence was submitted that indicated speeding, failure to wear a seat belt, or making an improper turn.
“[A]n employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing.” Matthews, supra, 1998-0467, p. 7, 723 So.2d at 1047-48; La. Const, art. X, § 8(a). The Appointing Authority has the burden of proving by a preponderance of the evidence the occurrence of the complained of activity and also that the conduct impaired the efficiency of the public service. Matthews, supra, at 1048 (citing Neff v. City Planning Com’n, 95-2324 (La.App. 4 Cir. 9/11/96), 681 So.2d 6, writ denied, 96-2465 (La.12/6/96), 684 So.2d 934). “While these facts must be clearly established, they need not be established beyond a reasonable doubt.” Matthews, supra (citing Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4 Cir.1990)).
In this case, the conduct complained of was Appellant’s second preventable accident in two months. The record evidences that the first accident occurred on August 16, 2006. The Traffic Accident Review Board conducted an administrative inquiry following the August 16, 2006 accident and concluded that Appellant disregarded a red light at the intersection of North Broad and Bienville Streets and struck another vehicle, operated the department’s vehicle in a careless manner, and caused a preventable accident. Appellant was suspended for ten (10) days and ordered to attend a one-day Accident Avoidance Training Course. In correspondence dated December 18, 2006, detailing Appellant’s violations and | ^penalties, Superintendent Warren J. Riley wrote: “Additionally, you are advised that any future violations of a similar nature will result in far more severe disciplinary action.”
The incident that is the subject of the instant case occurred on October 30, 2006.[3] On that date, Appellant attempted to execute a right turn while responding to a call for assistance and struck an elevated median and a concrete light pole. Appellant was thereafter suspended by the Appointing Authority upon a determination that he violated internal defensive driving regulations and/or the Traffic Laws of New Orleans and the State of Louisiana; causing a preventable accident; and making an improper turn while driving too quickly.[4] In this case, the severity of the discipline was increased for Appellant’s second accident within a 24-month period, pursuant to the schedule of progressive discipline. The accident was classified as a “B-2-C-3”[5] accident. John Bryson, who chairs the Traffic Accident Review Board, testified at the May 16, 2007 hearing that the penalty *228 for a second offense ranged from a one day suspension to dismissal.[6]
The narrative attached to the police report indicates that Appellant advised the investigating officer that he attempted to make a right turn onto Paris Avenue from Gentilly Boulevard, but that his rate of speed was too high to execute the turn. Moreover, an appendix to the police report, signed by Lieutenant Louis Gaydosh, contains his conclusions based upon his observations at the scene of the accident and Appellant’s statements regarding the accident. The report indicates hthat Lieutenant Gaydosh determined Appellant was not wearing a seat belt due to the nature of Appellant’s injuries and the condition of the vehicle’s windshield. Lt. Gaydosh also concluded that Appellant was traveling too fast to properly negotiate the turn, which caused the accident.[7]
The Civil Service Commission found that the evidence supported the Appointing Authority’s determination that Appellant caused a preventable accident by driving too fast and denied Appellant’s appeal. Upon a careful review of the record, we do not find any evidence that the Civil Service Commission’s decision was arbitrary, capricious, or an abuse of its discretion. There is competent evidence in the record to substantiate the Civil Service Commission’s conclusions. Additionally, it is not disputed that the incident in the instant case was Appellant’s second preventable accident within a two month period. Furthermore, the record supports the finding that the length of the suspension in this particular case is commensurate with the violation and not arbitrary or capricious.
CONCLUSION
While we are cognizant of the applicable schedule of progressive discipline in this case, given the fact that Appellant was responding to an officer needs assistance call at the time of the accident, the penalty imposed is arguably harsh. Because we do not find that the Civil Service |,r,Commission’s determinations were arbitrary or capricious, however, we defer to the Commission’s judgment. Accordingly, for the foregoing reasons, the judgment of the Civil Service Commission denying Appellant’s appeal of his 30-day suspension is hereby affirmed.
AFFIRMED.
LOVE, J., concurs in the result.

. Appellant is a New Orleans Police Officer who was hired on April 25, 2004. He was promoted to a Police Officer II on November 1, 2007.

. "C-3'’ is an abbreviation for "Chart III”, a classification for accidents in which the offi *227 cer involved bore part or all of the responsibility for tile accident and violated Departmental Rules and Regulations, safe driving practices, and/or traffic laws.

. The Civil Service Commission’s opinion states that the accident occurred on October 3, 2006; however, the police report is dated October 30, 2006.

. Correspondence from Superintendent Warren J. Riley to Appellant dated February 26, 2007, detailing the administrative inquiry, stated in part:
While making the attempt to negotiate the right turn onto Paris Avenue, your vehicle slid across the westbound lanes of Parish [sic ] Avenue and struck the median elevated curb then the concrete light pole. You were speeding and operated the department's vehicle in a careless manner.

.A "B-2” is a classification for an accident that is severe in nature. "C-3” is defined herein at supra note 2.

. Bryson further testified that Appellant admitted to both causing a preventable accident and driving too fast.

. In Appellant's written statement attached to the police report, he states that the brakes "locked up” as he attempted to execute the turn, causing him to strike the utility pole. In the Appendix to the police report, Lieutenant Gaydosh noted that equipment failure could not be ruled out because of the extensive damage to the front end of the vehicle, but also noted that Appellant, upon questioning, made no mention of any mechanical problem with the vehicle, that Appellant had been driving the vehicle more than one hour prior to the collision, and that the vehicle was in service with no reported mechanical problems prior to the accident.