PER CURIAM.
| Writ granted. The judgment of the Court of Appeal is reversed and the Civil Service Commission’s ruling is reinstated.
The New Orleans Police Department (“NOPD”) issued a letter of reprimand to Sgt. Irma Regis, finding she violated NOPD rules requiring employees’ adherence to state law,[1] by placing a window tint on her personal vehicle in violation of La. Rev.Stat. § 32:361.1(B). The Civil Service Commission (“Commission”) denied Re-gis’s appeal. The Court of Appeal reversed, finding the NOPD failed to prove Regis’s actions impaired the efficient operation of the NOPD.
An employee with permanent status in the classified civil service cannot be subject to disciplinary action by his employer except for cause expressed in writing. La. Const, art. X, § 8(A); Lange v. Orleans Levee Dist., 10-0140, p. 2 n. 2 (La.11/30/10); 56 So.3d 925, 928 n. 2. Legal “cause” for disciplinary action exists 1 ¿when the employee’s conduct “impairs the efficient or orderly operation of the public service.” Civil Service Rule 1.5.2.01; AFSCME, Council # 17 v. State ex rel. Dep’t of Health & Hosp., 01-0422, p. 8 (La.6/29/01); 789 So.2d 1263, 1268. The appointing authority must prove, by a preponderance of the evidence, the occurrence of the complained of activity and that the conduct did in fact impair the efficient and orderly operation of the public service. See Newman v. Dep’t of Fire, 425 So.2d 753, 754 (La.1983). An appellate court should not modify the Commission’s order unless it is arbitrary, capricious, or characterized by abuse of discretion. Bannister v. Dep’t of Streets, 95-404, p. 8 (La.1/16/96); 666 So.2d 641, 647. “Arbitrary or capricious” means the absence of a rational basis for the action taken. Id.
In the instant case, the record contains sufficient evidence to support the letter of reprimand. The NOPD proved the occurrence of the complained of activity as Re-gis acknowledged her window tint was in violation of La.Rev.Stat. § 32:361.1(B) and that she had not received an exemption sticker from the Louisiana State Police.
Additionally, Regis’s conduct “impaired the efficiency” of the NOPD and “bears a real and substantial relationship to [its] efficient operation.” Cittadino v. Dep’t of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). Police officers are charged with enforcing the motor vehicle and traffic laws; “a police officer’s failure to comply with the laws thus gravely impairs the efficiency of the department.” Davis v. *666 Dep’t of Police, 590 So.2d 850, 852 (La. App. 4 Cir.1991) (affirming discipline for an officer who caused a traffic accident). When an officer violates the law, “it casts doubt upon the credibility of the [police department] to ably conduct one of its principal functions.” Berry v. Dep’t of Pub. Safety & Corr., 01-2186, p. 13 (La. App. 1 Cir. 9/27/02); 835 So.2d 606, 615 (affirming discipline for a state trooper for failing to report earnings from off-duty details in violation of |3federal tax law); see Thornabar v. Dep’t of Police, 08-0464, p. 4 (La.App. 4 Cir. 10/15/08); 997 So.2d 75, 78 (officer’s failure to honor a court’s subpoena impaired the efficiency of the NOPD as it had “the appearance of a constructive contempt of court.”); Cittadino, 558 So.2d at 1316 (officer, by offering to sell illegal poker machines, impaired the efficient operation of the NOPD). Moreover, since the public puts its trust in the police department as a guardian of its safety, it is essential the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. See Newman, 425 So.2d at 756. Accordingly, the Civil Service Commission’s decision was not “arbitrary or capricious,” and the Commission properly denied Regis’s appeal.
Therefore, the judgment of the Court of Appeal is reversed and the Civil Service Commission’s ruling is reinstated.
REVERSED; CIVIL SERVICE COMMISSION JUDGMENT REINSTATED.
WEIMER, J., would grant and docket.

. NOPD Operations Manual Rule 2: Moral Conduct, paragraph l-"Adherence to Law,” provides:
Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans, but when in another jurisdiction shall obey the applicable laws. Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.