JAMES F. MCKAY III, CHIEF JUDGE
hln this civil service case, New Orleans Police Department (NOPD) Officer- Ryan Aucoin appeals the dismissal of his appeal by the Civil Service Commission of the City of New Orleans for the discipline imposed by the appointing authority (NOPD). We affirm.
FACTS AND PROCEDURAL HISTORY
On April 5, 2012, at 3:06 a.m., Officer Aucoin was arrested and charged ’ with driving while intoxicated and careless operation of a motor vehicle, while driving a NOPD marked vehicle on the Causeway Bridge in St. Tammany Parish. Officer Aucoin performed poorly on a field sobriety test and the arresting officer noted a strong odor of alcohol on his breath. Thereafter, Officer Aucoin entered and completed the St. Tammany Parish District Attorney’s Pre-Trial Diversion Program, thereby accepting responsibility for the state violations of driving while intoxicated (La. R.S. 14:98) and careless operation of a motor vehicle (La. R.S. 32:68).
laThe NOPD undertook an administrative investigation of Officer Aucoin for alleged violation of NOPD rules and regulations in connection with his aforementioned arrest. A pre-disciplinary hearing took place before Deputy Superintendent Kirk Bouyelas of the Investigative Services Bureau on October 15, 2013. Dept. Supt. Bouyelas recommended the following penalties for the following violations: 1) a 61 day suspension for violation of Department Rule 2, Moral Conduct; Paragraph 1: Adherence to Law relative to R.S. 14:98. Driving While Intoxicated; 2) a 3 day suspension for violation of Department Rule 4: Performance of Duty; Paragraph 2: Instructions from an Authoritative Source, to wit; C.A.O. Policy Memorandum # 89, Section XI Employee off-the-job Conduct; 3) a letter of reprimand for violations of Department Rule 2: Moral Conduct; Paragraph 1: Adherence to Law relative to • R.S. 32:58' Careless Operation of a Motor Vehicle; and 4) a letter of reprimand for violation of Department Rule 3: - Profes *533 sional Conduct, Paragraph 1: Professionalism. Thereafter, Officer Aucoin received a disciplinary letter from Superintendent of Police Roñal Serpas sustaining the findings and recommended discipline.
On February 14, 2014, Officer Aucoin filed an appeal with' the Civil Service Commission. The NOPD filed a motion for summary dismissal on August 4, 2014, arguing that Officer Aucoin did not have a right to appeal pursuant to CS Rule II, Section 6.1 because he acknowledged that he violated the law by entering into the diversion program.
|sThe matter came before the Commission on the NOPD’s motion for summary dismissal at a November 17, 2014 hearing. Officer Aucoin failed to appear at this hearing. Following oral argument, the Commission dismissed the appeal based on the nature of the offense and the Supreme Court case of Regis v. NOPD, 2013-1124 (La. 6/28/13), 121 So.3d 665, which held that violation of a state statute ipso facto impairs the efficient operation of the department. Thereafter, Officer Aucoin filed an application for rehearing, which the Commission denied on March 19, 2015. Therefore, Officer Aucoin moved for an order of appeal,.which was entered on May 21, 2015.[1]
DISCUSSION
On appeal, Officer Aucoin raises the following assignments of error: 1) the Civil Service Commission erred by denying his appeal without affording him a hearing contrary to the rules of the civil service; and 2) the Civil Service Commission erred by denying his appeal when the NOPD failed to introduce evidence of legal cause for the disciplinary action taken meeting its legally required burden of proof,
 The standard of review for civil service cases' in the appellate courts is multifaceted. See Muhammad v. New Orleans Police Dep’t., 2000-1034, p. 4 (La. App. 4 Cir. 7/11/01), 791 So.2d 788, 790. When reviewing the Commission’s findings of fact, the appellate court must apply the clearly wrong or manifestly erroneous standard. However, when judging • the Commission’s exercise of its |4discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify .the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.. Id., 00-1034, pp. 4-5, 791 So.2d at 790-91 (citing Wilson v. New Orleans Aviation Bd., 96-1350, p. 2 (La. App. 4 Cir. 1/15/97), 687 So.2d 593, 595). Therefore, the appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission is arbitrary or capricious. Id. (citing Palmer v. Dep’t. of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658). As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission. Id. (citing Newman v. Dep’t. of Fire, 425 So.2d 753 (La. 1983)). It is only when this court finds that the Commission’s actions were arbitrary or capricious that it can- disturb the Commission’s judgment. Id.
In his first assignment of error, Officer Aucoin contends that the Commission erred by denying his appeal without affording him a hearing, which is contrary to civil service rules. This assignment of error lacks merit. Officer Aucoin had the *534 opportunity to attend the November 17, 2014 hearing, but chose not to attend.
Civil Service Rule II, Section 6.5 states: “The Commission, on its own motion, may at any time summarily dispose of an appeal on any of the grounds listed in either Section 6.1 or 6.3. Failure to appear for hearing is one of the grounds for dismissal listed in Rule 6.3.
| sWe also note that Officer Aucoin cannot' make an argument that his due process rights were violated. “The central meaning of procedural due process is well settled. Persons whose rights may be affected are entitled to be heard; and in order that they may enjoy that right, they must first be notified.” Moore v. Ware, 01-3341, pp. 12-13 (La. 2/25/03), 839 So.2d 940, 949, quoting Wilson v. City of New Orleans, 479 So.2d 891, 894 (La. 1985). The Louisiana Supreme Court noted in Moore that the right to notice and opportunity must be extended at a meaningful time and a meaningful manner. 01-3341, p. 13, 839 So.2d at 949, citing Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct.1983, 32 L.Ed.2d 556 (1972); Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). In the instant case, Officer Aucoin had notice of the November 17, 2014 hearing, but he chose not to attend and exercise his right to be heard.
In his second assignment of error, Officer Aucoin contends that the Civil Service Commission erred by denying his appeal when the NOPD failed to introduce evidence of legal cause for the disciplinary action taken meeting its legally required burden of proof. At the November 17, 2014 hearing, the NOPD introduced into evidence documentation that showed Officer Aucoin had been arrested on April 5, 2012 and had thereafter successfully completed the St. Tammany Parish District Attorney’s Diversion Program. As noted above, violation of a state statute, such as La. R.S. 14:98 or La. R.S. 32:58, ipso facto impairs the efficient operation of the department. See Regis, 2013-1124, pp. 2-3, 121 So.3d at 665-66. Therefore, there was a rational basis for the Commission’s | ^ruling that was neither arbitrary nor capricious. See Harris v. Dep’t. of Police, 2012-0701 (La.App. 4 Cir. 9/14/12), 125 So.3d 1124. Accordingly, Officer Aucoin’s second assignment of error also lacks merit.
CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the Civil Service Commission dismissing Officer Aucoin’s appeal, thereby leaving the discipline imposed by the appointing authority intact.
AFFIRMED

. Although a jurisdictional issue has been noted in this case, the Commission determined that the motion for rehearing was timely filed. Therefore, we will pretermit the discussion of this issue.