**GREGORY MATUSOFF**

**VERSUS**

**DEPARTMENT OF FIRE**

\*      NO. 2019-CA-0932

\*

\*      COURT OF APPEAL

\*      FOURTH CIRCUIT

\*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 8879
\* \* \* \* \* \*
**JAMES F. MCKAY III**
**CHIEF JUDGE**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Regina Bartholomew-Woods)

IMITIAZ SIDDIQUI
IAS LAW LLC
900 Camp Street, Suite 435
New Orleans, Louisiana 70130
     COUNSEL FOR PLAINTIFF/APPELLANT

SUNNI LEBEOUF
CITY ATTORNEY NEW ORLEANS
DONESIA D. TURNER
SR. DEPUTY CITY ATTORNEY
ELIZABETH S. ROBINS
DEPUTY CITY ATTORNEY
EREKA W. DELARGE
ASSISTANT CCITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112
     COUNSEL FOR DEFENANT/APPELLEE

**REVERSED AND REMANDED**

**MAY 20, 2020**

In this Civil Service case, Gregory Matusoff appeals the Civil Service Commission's upholding of his termination by the New Orleans Fire Department ("NOFD"). For the following reasons, we reverse the judgment of the Commission and vacate Mr. Matusoff's termination by the NOFD.

**FACTS AND PROCEDURAL HISTORY**

Gregory Matusoff was a permanent, classified employee of the NOFD with twelve and one-half (12 ½) years of experience. Mr. Matusoff had suffered a number of serious injuries during his employment as a firefighter with the NOFD. In fact, as a result of his injuries, Mr. Matusoff missed a year of work from August 2016 to August 2017.

Mr. Matusoff's pain management treatment consisted of approximately a dozen prescribed medications. His pharmacist recommended and his doctor approved the use of an over-the-counter cannabiodiol (CBD) to assist in pain management. Mr. Matusoff used Ananda Professional CBD gel caps, which he legally purchased from a pharmacy in Mississippi where he resides.

1

On November 10, 2018, Mr. Matusoff, along with fellow firefighters, responded to a fire at a local restaurant. While on the roof, Mr. Matusoff tripped on an undetected pipe and fell on his hip, injuring his hip, back, and shoulder. The fall resulted in a serious injury, which led to multiple surgeries and exacerbated the prior injuries that Mr. Matusoff had sustained in his work as a firefighter. Consistent with NOFD and Civil Service rules, because an injury was sustained in the course of his duties, Mr. Matusoff submitted to a substance abuse test. His urine sample tested positive for marijuana metabolite.

By a mailed letter, dated November 16, 2018, Civil Service Director Lisa Hudson notified Mr. Matusoff of his positive test and that he had five days to appeal the result or provide an explanation to the Medical Review Officer ("MRO"). Mr. Matusoff received the letter on November 21, 2018, the last day of the five-day period.[1] The MRO verified the positive result, without considering Mr. Matusoff's explanation, medical history, and biomedical information on November 19, 2018, two days prior to the expiration of the five-day period.

Mr. Matusoff received a pre-termination letter dated November 28, 2018. On December 3, 2018, a pre-termination hearing took place. Mr. Matusoff submitted over one hundred pages of documents, including letters from his pharmacist and doctor, supporting his explanation that he was taking CBD, which was recommended by his pharmacist and approved by his doctor, as part of his pain management regimen. On December 4, 2018, the Deputy Chief of Safety

---

[1] The five-day period to provide an explanation is not pursuant to any City, Civil Service, or NOFD policy.

called Mr. Matusoff and asked whether he had submitted the information provided at the pre-termination hearing to the MRO. Mr. Matusoff stated that he had not provided this information to the MRO. Only after Mr. Matusoff's termination did the NOFD provide this information to the MRO.

On December 5, 2018, the NOFD sent Mr. Matusoff a letter terminating his employment. As the sole basis for termination, the letter cited the violation of paragraph X.B.5 of PM 89, which identifies an MRO-certified positive test result for the on-duty consumption of an illegal substance as a terminable offense. On December 19, 2018, Mr. Matusoff timely appealed his termination to the Civil Service Commission. On March 21, 2019, a hearing was held before a hearing examiner. The parties submitted post-hearing briefs on April 26, 2019, as ordered by the hearing examiner. On July 31, 2019, based on the Commissioners' review of the hearing transcript, exhibits and the referee's report, the Commission rendered a judgment denying Mr. Matusoff's appeal. It is from this judgment that he now appeals.

**DISCUSSION**

On appeal, Mr. Mattusoff raises two assignments of error. His first assignment of error is that the NOFD had the burden of proving the occurrence of the complained of activity, which he alleges the NOFD failed to meet. As such, the CSC abused its discretion in finding that the NOFD met its burden in proving the "occurrence of the complained of activity." His second assignment of error is that the NOFD had the burden of proving that the discipline was commensurate

with the infraction, which he alleges the NOFD failed to meet. As such, the CSC erred in finding that the NOFD met its burden in proving that the discipline was "commensurate with the infraction."

It is well settled that in an appeal before the Commission pursuant to Article X, § 8(A) of the Louisiana Constitution, the appointing authority has the burden of proving, by a preponderance of the evidence: (1) the occurrence of the complained of activity; and (2) that the conduct complained of impaired the efficiency of the public service in which the appointing authority is engaged. *Gast v. Dep't of Police*, 2013-0781, pp. 3-4 (La.App 4 Cir. 3/13/14), 137 So.3d 731, 733. If the Commission finds that an appointing authority has met its initial burden and had sufficient cause to discipline, it must then determine if that discipline "was commensurate with the infraction." *Abbott v. New Orleans Police Dep't*, 2014-0993, p. 7 (La.App. 4 Cir. 2/11/15), 165 So.3d 191, 197.

"In Civil Service disciplinary cases, an appellate court is presented with a multifaceted review function." *Bannister v. Dep't of Streets*, 95-0404 (La. 1/16/96), 666 So.2d 641, 647 (citing *Walter v. Dep't of Police of the City of New Orleans*, 454 So.2d 106 (La. 1984)). "The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court." *Cure v. Dep't of Police*, 2007-0166 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094. "This Court must review the Commission's findings of fact pursuant to the clearly wrong or manifest error standard." *Wilson v. Dep't of Prop. Mgmt.*, 2016-1124 (La.App. 4 Cir. 5/10/17), 220 So.3d 144, 147. "The Commission's

4

conclusion of whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction should be reviewed determining whether the finding is arbitrary, capricious or an abuse of discretion." *Id.* at 148. "Arbitrary or capricious means the lack of a rational basis for the action taken." *Shields v. City of Shreveport*, 579 So.2d 961, 964 (La. 1991).

In the instant case, the NOFD had the burden of proving the complained of activity. The complained of activity stated in the termination letter from the NOFD to Mr. Matusoff was the consumption of an illegal substance while working. This "complained of activity" was the violation of a particular provision of the City of New Orleans' Policy Memorandum No. 89 (Revised), which was last updated September 10, 1999. The specific provision, subsection X.B.5 states:

> B. A first offense discharge shall be invoked if an employee commits one (1) of the following violations:
>
>> 5, As a result of a first offense confirmed (MRO certified) positive result as established by City Civil Service Rules for the use of alcoholic beverages or an of the illegal and/or unlawfully obtained (used) drugs prohibited by (sic) while working.

The termination letter went on to state:

> Since you failed to respond to the MRO, your positive drug test result was confirmed. We are not in a position to overturn this decision based on the information you have provided, and we have no choice but to terminate your employment in accordance with *CAO Policy #89 (Revised)*. This policy calls for "A first offense discharge" when an employee tests positive for any of the drugs prohibited by the policy while working.

In the instant case, the NOFD and the Commission apparently accept Mr. Matusoff's explanation that the CBD product was the cause of his positive test for a prohibited substance. There are a number of problems with the NOFD's case against Mr. Matusoff. Chief amongst them is that the sole reason given for his

5

termination in the termination letter and the reason the Commission's denied his appeal are not the same.

The NOFD charged Mr. Matusoff with violation of X.B.5 of PM 89, which is the consumption of a prohibited substance while on duty. The NOFD failed to meet its burden of proving that Mr. Matusoff had either used an illegal/prohibited substance or consumed it while on duty. This failure was admitted by the testimony of one of the NOFD's expert witnesses and was recognized by the Commission in its decision to deny Mr. Matusoff's appeal for reasons other than set forth in the termination letter. Therefore, the NOFD failed to meet its burden of proving by a preponderance of the evidence that Mr. Matusoff was terminated for his consumption of an illegal substance while on duty. The Commission was also arbitrary and capricious and abused its discretion when it upheld Mr. Matusoff's termination for reasons not contained in the termination letter.

We also note that civil service employment has been recognized by the United States Supreme Court as a property right and therefore protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See *Evangelist v. Dep't of Police*, 2008-1375, p. 5 (La.App. 4 Cir. 9/16/09), 32 So.3d 815, 838. "No person who has gained permanent status in the classified . . . city service shall be subjected to disciplinary action except for cause expressed in writing." La. Const., art. X, § 8(A). "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). "[T]his right to notice and opportunity to be heard must be extended at a meaningful time

6

and a meaningful manner." *Moore v. Ware*, 2001-3341, p. 11 (La. 2/25/03), 839 So.2d 940, 949.

It is clear that Mr. Matusoff has a vested property right in his continued employment as a New Orleans firefighter and he is also afforded due process under the Fourteenth Amendment to the United States Constitution. It is also clear that Mr. Matusoff's due process rights were violated by the NOFD and the Commission. The NOFD sent a termination letter to Mr. Matusoff, advising him that he had five days to respond with an explanation, but he did not receive this letter until the fifth day of the five-day time frame. The MRO also confirmed his positive test before the five-day period had run (the MRO was supposed to take into account any explanations or extenuating circumstances the subject could identify). The Commission also denied Mr. Matusoff's appeal on grounds other than those stated in his termination letter. These events illustrate that Mr. Matusoff was not given an opportunity to be heard in a meaningful way either before his termination or at his hearing before the Commission.

As stated above, the NOFD failed to satisfy its burden with respect to the occurrence of the complained of activity. Consequently, the Commission abused its discretion in denying Mr. Matusoff's administrative appeal.

However, even if the NOFD had met its initial burden, the Commission erred in finding that the discipline, *i.e.*, termination, was commensurate with the infraction. Termination from permanent employment is the most extreme form of disciplinary action that can be taken against a classified employee. *Honore v. Dep't of Public Works*, 2014-0986, p. 16 (La.App. 4 Cir. 10/29/15), 178 So.3d 1120, 1131. This Court has "held that [t]ermination or dismissal is the most severe form of disciplinary action that can be taken by the Appointing Authority, and

7

should be reserved for the most serious violation." *Matthews v. Dep't of Police*, 98-0467 (La.App. 4 Cir. 11/18/98), 723 So.2d 1044, 1049; see also *Barquet v. Dep't of Welfare*, 620 So.2d 501, 507 (La.App. 4 Cir. 1993).

In determining whether discipline is commensurate with the infraction, the Civil Service Commission considers the nature of the offense as well as the employee's work record and previous disciplinary record. *Hills v. New Orleans City Council*, 98-1101, pp. 6-7 (La.App. 4 Cir. 12/9/98), 725 So.2d 55, 58. In the instant case, Mr. Matusoff's discipline for the use of a CBD product is an issue of first impression. The product was purchased legally and was not on any list of prohibited substances that Mr. Matusoff was aware of. The product was also recommended by a physician and a pharmacist. At the time of the incident, Mr. Matusoff was a twelve-year veteran of the NOFD with no record of any prior disciplinary action. As such, termination was not commensurate with the alleged infraction. Therefore, the Commission abused its discretion.

**CONCLUSION**

For the above and foregoing reasons, the Commission abused its discretion in denying Mr. Matusoff's appeal. We reverse the Commission's judgment, grant Mr. Matusoff's appeal, vacate the discipline imposed by the NOFD and restore Mr. Matusoff to his status as an active firefighter.

**REVERSED AND RENDERED**